THE STATE OF OHIO, APPELLEE, *v.* DUNLAP, APPELLANT.

[Cite as *State v. Dunlap,* 129 Ohio St.3d 461, 2011-Ohio-4111.]

*Criminal law—Gross sexual imposition—Victim under 13—R.C. 2907.05(A)(4)—*
*Mens rea—Statute imposes strict liability on defendant in regard to*
*victim's age—Mens rea for sexual-contact element of offense is purpose—*
*Indictment that tracks language of R.C. 2907.05(A)(4) is sufficient to give*
*defendant adequate notice of offense charged.*

(No. 2009-0477—Submitted December 16, 2009—Decided August 23, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91165,
2009-Ohio-134.

_____

PFEIFER, J.

{¶ 1} In this case, we identify the mens rea requirement of R.C.
2907.05(A)(4), which sets forth the elements of gross sexual imposition involving
victims under the age of 13. We hold that the statute establishes strict liability as
to the defendant's knowledge of the age of the victim and a mens rea of purpose
in regard to the sexual contact between the defendant and the victim. Further, in
regard to defendant-appellant's sex-offender classification, we remand this case to
the trial court for an application of this court's decision in *State v. Williams*, 129
Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

**Factual and Procedural Background**

{¶ 2} After a jury trial, defendant-appellant, Thomas Dunlap, was
convicted of two counts of gross sexual imposition involving victims under the
age of 13, in violation of R.C. 2907.05(A)(4), and one count of disseminating
obscene matter to juveniles, in violation of R.C. 2307.31(A)(1). The court
sentenced Dunlap to a total of two years in prison: two years on each count of

gross sexual imposition and 16 months on the obscenity count, to be served concurrently. The court also found Dunlap to be a Tier III sex offender. Dunlap appealed the R.C. 2907.05(A)(4) convictions and his sex-offender classification.

{¶ 3} The court of appeals affirmed Dunlap's convictions, rejecting his arguments that R.C. 2907.05(A)(4) requires a mens rea element of recklessness and that the application of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 ("S.B. 10"), to offenses committed before its effective date violates the Ex Post Facto Clause of the federal Constitution and the Retroactivity Clause of the Ohio Constitution.

*Sex-Offender Classification*

{¶ 4} Dunlap had been indicted on July 26, 2007, on the charges upon which he eventually was convicted. He was sentenced under S.B. 10 on March 4, 2008. Dunlap argues that the application of S.B. 10 to offenders whose crimes occurred before its effective date of January 1, 2008, violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 5} In regard to Dunlap's sex-offender classification, this case was originally held for a decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. However, having determined that this court's decision in *Bodyke* did not resolve the classification issue in Dunlap's case, we subsequently held this case for a decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In our recent decision in *Williams*, we held that S.B. 10, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Id. at syllabus.

{¶ 6} We therefore reverse that portion of the court of appeals' judgment that upheld the application of S.B. 10 to Dunlap and remand this case to the trial court for an application of *Williams*.

*R.C. 2907.05 Issues*

{¶ 7} R.C. 2907.05(A)(4) states:

{¶ 8} "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

{¶ 9} " * * *

{¶ 10} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

{¶ 11} Dunlap claims that the indictment failed to set forth the mens rea for the R.C. 2907.05(A)(4) charges, specifically regarding the element of sexual contact. The indictment for the R.C. 2907.05(A)(4) violation in Count 1 stated that the defendant "had sexual contact with Jane Doe I, not his spouse, whose age at the time of the said sexual contact was under 13 years, whether or not the offender know [sic, knew] the age of Jane Doe I." The indictment used similar language in Count 3 for the alleged sexual contact with the other victim, Jane Doe II.

{¶ 12} In the jury instructions regarding gross sexual imposition, the trial court instructed the jury as to the element of "sexual contact," as defined in R.C. 2907.01(B):

{¶ 13} "Sexual contact. Sexual contact means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 14} Dunlap concedes that R.C. 2907.05(A)(4) does not require the state to prove any mens rea with regard to the defendant's knowledge of the age of the victim, i.e., that a defendant is strictly liable as to that element of a violation. However, as to the element of sexual contact, Dunlap argues that the indictment

should have set forth the mens rea of recklessness. He contends that the indictment's failure to include that mens rea coupled with the trial court's failure to instruct the jury on the culpable mens rea of recklessness constituted structural error requiring reversal pursuant to *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*"), and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("*Colon II*").

**{¶ 15}** Dunlap appealed his convictions to the Eighth District Court of Appeals, which rejected his mens rea argument, holding that gross sexual imposition involving a child under the age of 13 "is a strict liability offense and requires no precise culpable state of mind. All that is required is a showing of the proscribed sexual contact."

**{¶ 16}** The cause is before this court upon the acceptance of a discretionary appeal.

### Law and Analysis

**{¶ 17}** During the pendency of Dunlap's appeal, this court overruled *Colon I* and overruled *Colon II* in part, holding that "when an indictment fails to charge a mens rea element of the crime, but tracks the language of the criminal statute describing the offense, the indictment provides the defendant with adequate notice of the charges against him and is, therefore, not defective." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 45. Dunlap's indictment tracked the language of R.C. 2907.05(A)(4), so, pursuant to *Horner*, even if the indictment failed to charge a mens rea, it was not defective. However, *Horner* is not dispositive here, because Dunlap further alleges that the jury instructions in this case should have included a mens rea of recklessness. We thus address the applicable mens rea of R.C. 2907.05(A)(4).

**{¶ 18}** There is no question that the victim's age is a strict-liability element of an R.C. 2907.05(A)(4) violation. The statute prohibits sexual contact with a person less than 13 years of age "whether or not the offender knows the

age of that person." But the fact that defendants are held strictly liable for that element of a violation does not mean that R.C. 2907.05(A)(4) lacks a mens rea requirement as to all of its elements. The state concedes that the appellate court erred in finding that R.C. 2907.05(A)(4) requires no culpable state of mind.

{¶ 19} The parties agree that the "sexual contact" element of R.C. 2907.05(A)(4) has a mens rea separate from the rest of the statute. "Sexual contact" is defined in R.C. 2907.01(B):

{¶ 20} " 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 21} Dunlap argues that there is no stated mens rea for the "any touching" language in the first phrase of R.C. 2907.01(B) and that the default mens rea should therefore be recklessness, pursuant to R.C. 2901.21(B), which states that "[w]hen the section [defining an offense] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." Thus, Dunlap would have this court interpret R.C. 2907.01(B) as defining sexual contact as "any *reckless* touching of an erogenous zone of another * * * for the purpose of sexually arousing or gratifying either person." (Emphasis added.) Dunlap argues that the phrase "for the purpose of sexually arousing either person" refers to the motive behind the touching rather than the mens rea behind the act of touching.

{¶ 22} The state, on the other hand, argues that R.C. 2907.01(B) does contain an expressly stated mens rea, i.e., purpose. The state asserts that R.C. 2907.01(B) provides the mental state by defining "sexual contact" as touching "for the purpose" of sexual arousal.

**{¶ 23}** We agree with the state that the mens rea of purpose applies to the whole of R.C. 2907.01(B), and thus to the sexual-contact element of R.C. 2907.05(A)(4). R.C. 2901.22(A) defines the mens rea of purpose:

**{¶ 24}** "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

**{¶ 25}** Through the definition of sexual contact in R.C. 2907.01(B), gross sexual imposition as described in R.C. 2907.05(A)(4) requires proof of touching "for the *purpose* of sexually arousing or gratifying either person." (Emphasis added.) The statute requires a specific intent behind the touching – the touching must be intended to achieve sexual arousal or gratification. Since there is a specific intent motivating the touching, it follows that the act of touching must be intentional.

**{¶ 26}** Grammatically, the phrase "for the purpose of sexually arousing or gratifying either person" modifies "any touching of an erogenous zone of another." R.C. 2907.01(B) consists of one simple sentence with no subordinate clauses. Thus, we need not apply the holding from *Horner* that "[w]hen the General Assembly includes a mens rea element in one discrete clause, subsection, or division of a statute but not in another discrete clause, subsection, or division of that statute, courts must apply the analysis in *State v. Wac* (1981), 68 Ohio St.2d 84, 22 O.O.3d 299, 428 N.E.2d 428, and *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, to determine the mental state where none is specified." *Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, at paragraph two of the syllabus. Here, there is only one clause containing one mens rea. We thus conclude that the applicable mens rea of sexual contact, as defined in R.C. 2907.01(B), is purpose.

{¶ 27} The indictment here tracked the language of the charged offenses as set forth in R.C. 2907.05(A)(4), and the trial court properly instructed the jury on the element of sexual contact as set forth in R.C. 2907.01(B). Thus, the trial court did not err.

### Conclusion

{¶ 28} Although the court of appeals affirmed the judgment of the trial court, it erred in finding that R.C. 2907.05(A)(4) "requires no precise culpable state of mind." We hold instead that the element of sexual contact in an R.C. 2907.05(A)(4) violation requires a mens rea of purpose. However, since we conclude that the indictment and jury instructions in this case sufficiently set forth the required mens rea, we affirm that portion of the court of appeals' judgment. We reverse that part of the judgment that applied S.B. 10 to Dunlap and remand the case to the trial court for reclassification of Dunlap's sex-offender status in light of our decision in *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

Judgment affirmed in part
and reversed in part,
and cause remanded.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MCGEE BROWN, J., not participating.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and T. Allan Regas, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.

_____