[Cite as *State v. Hartman*, 2012-Ohio-153.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 91040**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL HARTMAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART;
VACATED IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-485377

**BEFORE:** Blackmon, A.J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 19, 2012

**ATTORNEYS FOR APPELLANT**

Robert A. Dixon
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

Timothy J. Potts
Standard Building, Suite 330
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

James D. May
Assistant County Prosecutor
The Justice Center 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶ 1} This appeal is before this court on remand from the Ohio Supreme Court for application of *State v. Williams*, 129 Ohio St.3d 461, 2011-Ohio-3374, 952 N.E.2d 1108. *State v. Hartman*, 130 Ohio St.3d 254, 2011-Ohio-5348, 957 N.E.2d 289.

{¶ 2} In *State v. Hartman*, 8th Dist. No. 91040, 2009-Ohio-1069, this court affirmed Hartman's convictions for importuning, compelling prostitution, and public indecency. We also affirmed Hartman's classification as a Tier II offender under the Adam Walsh Act ("the AWA"). The Ohio Supreme Court accepted review on propositions of law II and III.

{¶ 3} On direct appeal, Hartman argued in his third assigned error that his classification under the Adam Walsh Act ("the AWA") was unconstitutional because it violated the Retroactivity Clause of the Ohio Constitution and the Ex Post Fact Clause of the United States Constitution.

{¶ 4} In *Williams*, the Ohio Supreme Court held that the AWA as applied to "any other sex offender who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." *Id.* at ¶ 22. S.B. 10, a.k.a AWA, was enacted on June 27, 2007, and made effective on January 1, 2008.

**{¶ 5}** Here, the subject offenses took place on August 17, 2006, prior to the enactment of the AWA. Consistent with the holding in *Williams*, we find that Hartman's classification under the AWA was unconstitutional because the offenses took place prior to the "enactment" of S.B. 10 in June 2007. Consequently, we sustain the third assigned error, and vacate Hartman's classification as a Tier II Offender under the AWA, and remand the matter for reclassification under the law that was in effect at the time he committed the offenses.

**{¶ 6}** Judgment affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR