[Cite as *State v. Libbey-Tipton*, 2012-Ohio-2769.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97382

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ADAM LIBBEY-TIPTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-549697

**BEFORE:**   Keough, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 21, 2012

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Hts., Ohio 44118


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Melissa Riley
          Anna M. Faraglia
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Adam Libbey-Tipton, appeals his conviction for gross sexual imposition. For the reasons that follow, we affirm.

{¶2} In April 2011, defendant was charged with one count each of rape, in violation of R.C. 2907.02(A)(1)(b); gross sexual imposition, in violation of R.C. 2907.05(A)(4); and kidnapping, in violation of R.C. 2905.01(A)(4). Following a jury trial, the defendant was found not guilty of rape and kidnapping, but guilty of gross sexual imposition; he was sentenced to one year of community control sanctions with a suspended five year prison term. This appeal followed.

{¶3} In his first and second assignments of error, the defendant contends that there was insufficient evidence to support his conviction and his conviction was against the manifest weight of the evidence. We consider these assignments of error together because they are related.

{¶4} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541.

{¶5} A manifest weight challenge, on the other hand, questions whether the prosecution met its burden of persuasion. *State v. Ponce*, 8th Dist. No. 91329, 2010-Ohio-1741, ¶ 17, citing *State v. Thomas*, 70 Ohio St.2d 79, 80, 434 N.E.2d 1356 (1982). The manifest weight of the evidence standard of review requires us to review the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986); *see also Thompkins* at 387.

{¶6} The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the evidence. *State v. Griffie*, 8th Dist. No. 89009, 2007-Ohio-5325, ¶ 6. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *Id.*, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶7} Gross sexual imposition, as it relates to this case, means "sexual contact with another, not the spouse of the offender * * * [when] [t]he other person * * * is less than

thirteen years of age, whether or not the offender knows the age of that person." R.C. 2907.05(A)(4).

{¶8} Sexual contact is defined in R.C. 2907.01(B) to mean "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶9} The Ohio Supreme Court resolved that the culpable mental state for gross sexual imposition is "purposefully." *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 28 ("[T]he element of sexual contact in an R.C. 2907.05(A)(4) violation requires a mens rea of purpose.").

{¶10} Purpose is defined in R.C. 2901.22(A) as actions with "specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." One's purpose may be inferred from actions, and the "the trier of fact 'may infer what the defendant's motivation was in making the physical contact with the victim' by considering 'the type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Salinas*, 10th Dist. No. 09AP-1201, 2010-Ohio-4738, ¶ 30, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185, 610 N.E.2d 1009 (9th Dist.1991).

{¶11} Defendant argues on appeal that the doubtful credibility of the witnesses and their conflicting testimony render his conviction for gross sexual imposition invalid.

Specifically, he contends that because L.L. testified that she was untruthful when she spoke with the caseworker, the evidence is legally insufficient to support his conviction. However, issues of credibility and believability are left for the trier of fact and are analyzed under a manifest weight argument, not a sufficiency challenge. The victim testified that in July 2005 when she was almost four years old the defendant pulled her pants and panties out and touched her genitalia. This testimony alone is sufficient to satisfy a sufficiency of the evidence challenge.

{¶12} Moreover, we find that the defendant's conviction for gross sexual imposition was not against the manifest weight of the evidence. The jury heard testimony from both the victim and her sister regarding the defendant's actions.

{¶13} The victim testified that while visiting her grandparents in Ohio in July 2005, she and her sister were in the defendant's bedroom jumping on the bed. The defendant and the victim are cousins. The defendant was playing a video game, but then stopped playing, approached her, and "pulled down [her] pants and touched [her] in the wrong spot." When questioned further, she stated that he put his finger inside her pants, under her panties, and touched her in her "private part," which was determined to be her vagina. She denied that he rubbed her vagina and admitted that she was able to walk away from him. She further testified that she told him to "stop" and then ran out of the room into the kitchen and her sister followed her. She testified that she did not tell anyone what happened.

{¶14} The victim's sister, L.L., testified that she was in the room when the defendant touched her sister. According to L.L., her sister was jumping on the bed when she saw the defendant with his hand in her sister's pants. L.L. testified that her sister ran out of the room, and she followed her. L.L. admitted she did not tell anyone what happened. During L.L.'s testimony, she admitted that some of the statements she made to the social worker were not true. When questioned about why she lied to the counselor, L.L. explained: "I lied to Miss Joy because I did not believe it was that serious when I was [age] 9, but now that I see it today[,] it's really serious."

{¶15} Around Thanksgiving 2006, the victim and L.L. were talking about their upcoming visit to Ohio to see their paternal grandparents. Their maternal grandmother overheard the girls talking and heard the victim say she did not want to go because of what the defendant did to her. The grandmother questioned the girls about what she overheard and they told her what had happened. She testified that the victim demonstrated to her what the defendant did.

{¶16} The crux of the defendant's arguments on appeal are that the stories of these two children have changed over the years. While some minor details of who was present at the house in 2005 may have changed, and L.L.'s statements to the caseworker in 2008 admittedly contained some lies, one detail that did not change was that the defendant fondled the victim, who was almost four years old at the time. This fact remained constant from when the maternal grandmother overheard the girls talking in November 2006, to when the victim was interviewed by the police in 2006, to when L.L. was

interviewed by the crisis counselor in 2008, and to when both girls testified at trial in 2011. The trier of fact is in the best position to weigh the credibility of witnesses, and the record demonstrates that the jury considered the credibility of the witnesses and all the evidence in rendering its verdict.

{¶17} Accordingly, the defendant's assignments of error are overruled; his conviction for gross sexual imposition is supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR