[Cite as *In re T.A.*, 2012-Ohio-3174.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY**

IN THE MATTER OF:     :

            :     Appellate Case Nos. 2011-CA-28

    T. A.        :         2011-CA-35

            :

            :     Trial Court Case No. 2010-JA-62

            :

            :     (Juvenile Appeal from

            :      Champaign County Family Court)

            :

       . . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2012.

. . . . . . . . . . .

NOEL EDWARD KAECH, Atty. Reg. #0038602, 20 South Limestone Street, Suite 120, Springfield, Ohio 45502
    Attorney for Appellant

 NICK A. SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecuting Attorney, 200 North main Street, Urbana, Ohio 43078
    Attorney for Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant T.A., a juvenile, appeals from his adjudication of delinquency by reason of having committed an act that, if he were an adult, would constitute

Gross Sexual Imposition, in violation R.C. 2907.05(A)(4). T.A. contends that the statute is unconstitutional as applied in cases in which both the alleged offender and the alleged victim are under the age of thirteen. He further contends that because the statute is unconstitutional as applied to him, the Juvenile Court was required to grant his Civ.R. 60(B) motion to vacate the judgment of delinquency. Finally, he claims that the Juvenile Court did not properly ascertain whether his admission of guilt was knowingly, voluntarily and intelligently made.

{¶ 2}    We conclude that the statute in question is not unconstitutional as applied. We also conclude that the Juvenile Court failed to substantially comply with Juv.R. 29(D), thereby rendering T.A.'s admission invalid.

{¶ 3}    Accordingly, the judgment of the Juvenile Court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion, thereby rendering T.A.'s appeal from the denial of his motion to vacate the judgment moot. That appeal is Dismissed.

## I.    The Course of Proceedings

{¶ 4}    On March 30, 2010, a delinquent child complaint was filed against T.A., alleging that he had committed acts that, if committed by an adult, would constitute two counts of Rape, a first-degree felony. Each count alleged that the specified offenses were committed in July 2009, when T.A. caused a two-year-old victim to perform fellatio upon him. T.A. was ten and a half years old at the time of the offense.

{¶ 5}    At a pre-trial hearing, T.A. and the State notified the Juvenile Court that they had reached an agreement whereby the State would amend Count I to a charge of Gross Sexual Imposition, in violation of R.C. R.C. 2907.05(A)(4), in exchange for T.A.'s admission

to that charge, and the State would dismiss Count II.

{¶ 6}  The Juvenile Court accepted T.A.'s admission and ordered the preparation of a Pre-Sentence Investigation and a Sex Offender Assessment.  Following a dispositional hearing, the court entered an order in which T.A. was committed to the custody of the Department of Youth Services for an indefinite period with a minimum term of one year and a maximum term not to exceed T.A.'s twenty-first birthday.  The commitment was suspended, and T.A. was placed on community control.  T.A. appealed from the judgment of delinquency.

{¶ 7}  Subsequently, T.A. filed a motion pursuant to Civ.R. 60(B)(1) and (5), seeking to vacate the disposition.  In support, T.A. argued that  he could not be held accountable for a violation of R.C. R.C. 2907.05(A)(4), because that provision had been held unconstitutional as related to juvenile offenders under the age of thirteen by the Supreme Court of Ohio.  *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528.  The court denied the motion, finding that *In re D.B.* was decided approximately three weeks after the disposition of this case and that "it is well settled that in order to preserve the stability of final judgments, a change in controlling case law does not subsequently provide an appellant with a right to relief under Civ.R. 60(B)."  The Juvenile Court did not reach the merits of the motion.

{¶ 8}  T.A. appealed from the denial of his motion.  These appeals have been consolidated.

**II.  Due to Substantial Deficiencies in the Taking of T.A.'s Admission,**

**his Admission Was Not Knowing, Intelligent, and Voluntary**

**{¶ 9}** The Third Assignment of Error asserted by T.A. is as follows:

THE TRIAL COURT ERRED BY ACCEPTING THE ADMISSION OF THE JUVENILE PRIOR TO DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY, AND INTELLEGENT [SIC] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 & 16, OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.

**{¶ 10}** T.A. claims that the Juvenile Court did not properly ascertain whether his admission was knowing, voluntary and intelligent as required by Juv.R. 29(D).

**{¶ 11}** With regard to the admission, the following colloquy took place:

THE PROSECUTOR: Your Honor, in this case we are moving the Court to amend Count One to a gross sexual imposition offense under 2907.05 and it would be (A)(4)(c)(2). It is a felony of the third degree. On an admission to that offense we would move to dismiss Count Two, and in this case, Your Honor, we would ask that a pre-sentence investigation be done as well as a sex offender assessment. In keeping with the Court's, I guess custom in these kinds of cases, we would ask that assessment be done somewhere other than where he's receiving treatment. We would also ask the no contact orders currently in place remain in place until the next hearing.

* * *

THE COURT: [T.A.] have you had a chance to talk to [your attorney] about all of this this morning?

THE DEFENDANT: Yes.

THE COURT:    And he's explained to you all that's going on here?

THE DEFENDANT: Yes.

THE COURT: And you had a chance to hear [the prosecutor] say what, what she believes is going to happen here this morning?

THE DEFENDANT: Yes.

THE COURT: And did you understand what [your attorney] told you and what [the prosecutor] has said this morning?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you admit to the amended charge of gross sexual imposition, that you'll give up your right to have a trial on the matter?

THE DEFENDANT: Yes.

THE COURT: In that the State's no longer going to have to put on evidence and witnesses and prove the case; you're basically saying that that happened?

THE DEFENDANT: Yes.

THE COURT: Okay.  You also understand that we're going to have some other things happen here in the future, but we're going to come back for a hearing at some point to decide what to do and at that time I can take the recommendations of either of the attorneys or do anything else that I believe is going to be necessary in this case?

THE DEFENDANT: Yes.

THE COURT: Okay. With that information then do you admit to the amended charge of gross sexual imposition?

THE DEFENDANT: Yes.

THE COURT: Court will accept your admission. Count Two is dismissed. Court will order a pre-sentence investigation report to be prepared by our probation department and also a sex offender assessment prior to the disposition hearing on this. [T.A.] what's going to happen is that one of my probation officers is going to bring you in for an interview, okay? They're going to ask you some questions and talk to you about this matter, prepare a report that they're going to give to the attorneys and give to help me better decide what needs to be done. Okay?

THE DEFENDANT: Yes.

THE COURT: * * * The other assessment, we've been talking about that a little bit this morning, our probation department can give you some ideas on who we use to do that, okay, and that needs to be done before we get back for the disposition hearing so that I have an idea of everything that's involved to make a decision on what to do. Okay? * * *.

THE PROSECUTOR: Your Honor, if I could, I think that there's something that's been missed here. I think there actually has to be an admission to sufficient facts to support the charge in the admission. And so I would propose is counsel willing to stipulate that his client is admitting to the Court's statements rather than go through the facts of the offense.

DEFENSE COUNSEL: What was the Court's statement exactly?

THE PROSECUTOR: Just the report from Glenn Kemp that came with

the charge.   I'm handing you my copy of the discovery. * * * And if he's admitting to the allegations in the Court's statement, I think that's sufficient.

DEFENSE COUNSEL: I think I'd rather just have him admit to having fellatio with the victim if that's acceptable to everyone.

THE PROSECUTOR: If he's willing to admit to that, I'm okay with that.

DEFENSE COUNSEL: Are you willing to admit to that?

THE DEFENDANT: I am.

THE PROSECUTOR: But I think we also need an admission on the record that she is two years old at the time of the offense to meet the elements of the charge.

DEFENSE COUNSEL: I think he can admit that she's less than 5.   I don't know that he knows her exact age.

* * *

THE COURT: [T.A.], in regard to your admission to the charge of gross sexual imposition, do you admit that the victim in this matter performed fellatio upon you?

THE DEFENDANT: I don't know what that means.

DEFENSE COUNSEL: Let me rephrase.   That you had the victim who was under 5 years of age put her lips on your penis?

THE DEFENDANT: Yes.

**{¶ 12}**    T.A. contends that this plea colloquy is not sufficient to demonstrate even

substantial compliance with Juv.R. 29(D).

**{¶ 13}** Juv.R. 29(D) provides as follows:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following;

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.

**{¶ 14}** Strict compliance with this rule is preferable, but if a court substantially complies with the rule, the admission will be deemed valid absent a showing of prejudice or that the totality of the circumstances do not support a finding of a valid waiver. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113. Substantial compliance means that the juvenile subjectively understood the implications of his plea. *Id.* We employ a de novo standard of review in determining whether the juvenile court complied with Juv.R. 29. See *In re Becker*, 8th Dist. Cuyahoga No. 68893, 1996 WL 447982, *1 (August 8, 1996).

**{¶ 15}** The Juvenile Court failed to inform T.A. of the possible dispositions or his understanding thereof; did not inform T.A. that he had the right to confront or compel witnesses and to present witnesses; did not inform him of his right to remain silent; and did

not ascertain whether any promises or threats had been made to induce the admission.

{¶ 16}   We   find that T.A.'s admission was not knowingly, intelligently, and voluntarily made.   The Third Assignment of Error is sustained.

**III.   Unlike R.C. 2907.02(A)(1)(b), Which Is Unconstitutional As Applied in a Case Where Both the Offender and the Victim Are Under Thirteen, R.C. 2907.05(A)(4), Which Requires a Purpose of Sexual Arousal or Gratification, Is Constitutional in Cases in Which Both the Offender and the Victim Are Under Thirteen**

{¶ 17}     T.A.'s First Assignment of Error states as follows:

THE TRIAL COURT VIOLATED THE RIGHT OF THE APPELLANT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION AND TO EQUAL PROTECTION OF THE LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION WHEN THE COURT ACCEPTED THE ADMISSION OF THE APPELLANT TO A VIOLATION OF SECTION 2907.05(A)(4)(C)(2) OF THE OHIO REVISED CODE.

{¶ 18}     T.A. contends that the holding of the Supreme Court of Ohio in *In re D.B.*, *supra*, renders R.C. 2907.05(A)(4) unconstitutional as applied to minors under the age of thirteen.

{¶ 19}   In *In re D.B.*, a twelve-year-old minor was charged with delinquency by reason of committing the offense of Statutory Rape, in violation of R.C. 2907.02(A)(1)(b),

with a victim under the age of thirteen. That statute provides that "anyone who engages in sexual conduct with a minor under the age of 13 commits statutory rape regardless of whether force was used." *Id.* at ¶ 25. "Sexual conduct" is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C. 2907.01(A).

**{¶ 20}** The Supreme Court of Ohio held that "as applied to children under the age of 13 who engage in consensual sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down." *Id.* at ¶ 24. Thus, the Court found that the statute, as applied to D.B., violated D.B.'s right to due process of law. *Id.*

**{¶ 21}** The Court further found that the statute, as applied to D.B., also violated his right to equal protection, because he and the victim "were both members of the class protected by the statute, and both could have been charged under the offense. Application of the statute in this case to a single party violated the Equal Protection Clauses's mandate that persons similarly circumstanced shall be treated alike." *Id.* at ¶ 30.

**{¶ 22}** We note that the Eleventh District Court of Appeals declined to extend the

holding in *D.B.* to an analysis of R.C. 2907.31(A)(1) – Disseminating Matter Harmful to Juveniles – even though the offender was a juvenile who had sent, via cellular telephone, nude photos of herself to a juvenile male. See, *In the Matter of J.P.*, 11th Dist. Geauga No. 2011-G-3023, 2012-Ohio-1451. The court of appeals reasoned that the statute in question is "quite clear as to what constitutes prohibited conduct and who constitutes an offender [ * * * and J.P.] is not both a 'victim' and 'offender.' The statute requires only *one* person to act in order to be culpable. In *In re D.B.*, two people engaged in the proscribed conduct, but only one was charged. Here, only appellant engaged in the unlawful act. * * * In this case, [J.P.] recklessly disseminated harmful material. That is, since the facts alleged in the complaint were found to be true, only appellant is in violation of the statute; whereas in *In re D.B.*, 'if the facts alleged in the complaint were true, D.B. and M.G. would both be in violation of R.C. 2907.02(a)(1)(B).' " *Id.* at ¶ 30 and 34.

{¶ 23} In the case before us, T.A. was found delinquent by reason of violating R.C. 2907.05(A)(4), which provides that "[n]o person shall have sexual contact with another, not the spouse of the offender, cause another, not the spouse of the offender, to have sexual contact with the offender, or cause two or more other persons to have sexual contact when * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 24} T.A. argues that the reasoning set forth in *In re D.B.*, *supra*, should be

applied to violations of R.C. 2907.05(A)(4), because both he and the other child involved were under the age of thirteen. He contends that, as with the Statutory Rape statute, the Gross Sexual Imposition statute fails to provide guidelines for differentiating between an offender and a victim. The State argues that "R.C. 2907.05(A)(4), unlike R.C. 2907.02(A)(1)(b), does differentiate between victims and offenders in situations where both actors are children under the age of thirteen years."

{¶ 25} The State notes that the Statutory Rape statute prohibits sexual conduct, which is a strict-liability offense because it does not require a specific mens rea, while the Gross Sexual Imposition statute prohibits sexual contact, which requires an offender to act purposefully. *See State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 26. Pursuant to R.C. 2901.22(A), a person acts purposefully when "it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶ 26} We agree with the State. Statutory Rape only involves the offender engaging in a proscribed act, regardless of his intent. Gross Sexual Imposition involves both a proscribed act and a purpose – the purpose to cause sexual arousal or gratification. This permits ready differentiation between victim and offender. As the State notes, a two-year-old is not capable of forming the mens rea necessary to commit the offense.

{¶ 27} We conclude that, in this case, R.C. 2907.05(A)(4) is neither impermissibly vague nor a violation of Equal Protection. T.A.'s First Assignment of Error is overruled.

### IV.  Assigned Error in the Trial Court's Denial

### of T.A.'s Motion to Vacate its Judgment Is Moot

{¶ 28}    T.A.'s Second Assignment of Error provides:

THE TRIAL COURT ERRED WHEN IT DENIED ON NOVEMBER 4, 2011, THE MOTION OF THE APPELLANT TO VACATE THE DISPOSITION ENTERED ON MAY 23, 2011.

{¶ 29}    T.A. contends that the Juvenile Court was required to grant his Civ.R. 60(B) motion to vacate the judgment of delinquency, because the statute upon which he was adjudicated delinquent was found unconstitutional as applied to him.

{¶ 30}    Given our disposition of T.A.'s Third Assignment of Error, and the concomitant reversal of the judgment of the Juvenile Court, any error in the denial of T.A.'s motion to vacate that judgment is moot.

{¶ 31}    T.A.'s Second Assignment of Error is overruled, as moot.


### V.  Conclusion

{¶ 32}    T.A.'s Third Assignment of Error having been sustained, his First Assignment of Error having been overruled, and his Second Assignment of Error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.   T.A.'s appeal from the trial court's denial of his motion to vacate the judgment of delinquency is Dismissed, as moot.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Noel Edward Kaech
Nick A. Selvaggio
Hon. Brett A. Gilbert