[Cite as *In re K.A.*, 2013-Ohio-2997.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 98924 and 99144

---

## IN RE: K.A.
## A Minor Child

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-11113518

**BEFORE:** Blackmon, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

By: Charlyn Bohland
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
Cuyahoga County Prosecutor

By: Lillie Burkons
Kristen L. Sobieski
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} Appellant K.A. appeals the judgment of the juvenile court adjudicating him delinquent after having committed the offense of gross sexual imposition. He assigns the following three errors for our review:

**I. [K.A.] was denied his right to equal protection of the laws when he was adjudicated delinquent of R.C. 2907.05(A)(4), for an offense committed when he was under the age of thirteen and a member of the class protected by the statute.**

**II. [K.A.] was denied his right to due process of law when he was adjudicated delinquent of R.C. 2907.05(A)(4), for an offense committed when he was under the age of thirteen and a member of the class protected by the statute.**

**III. [K.A.] was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶3} On July 28, 2011, a complaint was filed in the juvenile court alleging that then 12 year-old K.A. committed one count of gross sexual imposition against his five-year old cousin. K.A. entered an admission to the charge.[1]

{¶4} At the admission hearing, it was revealed that K.A. was discovered with his pants down on top of his cousin, "humping" her. The cousin told the police that K.A.

---

[1]K.A. also entered an admission to two counts of disorderly conduct in two unrelated cases.

had said to her, "let's do it like they do in the movies." No bodily fluids were found on the victim, but she did suffer some bruising.

{¶5} The court found that returning K.A. to his home "would be contrary to his best interests and welfare." He was therefore placed at a residential treatment facility to receive therapy. The court ordered that upon successful completion of treatment, K.A. was to be released and to participate in aftercare supervision.

{¶6} While at the treatment center, K.A. physically assaulted three staff members. Therefore, his placement at the residential facility was deemed inappropriate, and he was sent to the Cuyahoga County Juvenile Detention Center for a minimum of six months; the court also ordered that K.A. complete a sex offender treatment program before he was released.

## Violation of Equal Protection and Due Process

{¶7} In his first and second assigned errors, K.A. argues that his conviction for gross sexual imposition violated his rights to equal protection and due process. He specifically argues that R.C. 2907.05(A)(4) under which he was found to be delinquent protected victims under the age of 13, and because he was under 13 when he committed the offense, the application of the statute violates the Equal Protection Clause's mandate that persons similarly situated be treated alike. He also argues his right to due process was violated because the statute was unconstitutionally vague because it fails to provide notice of what conduct is prohibited resulting in arbitrary and discriminatory enforcement.

**{¶8}** In support of his arguments, K.A. relies on the Ohio Supreme Court case *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528. In *D.B.*, a 12 year old child was found to be delinquent by reason of committing the offense of statutory rape against a child under the age of 13, in violation of R.C. 2907.02(A)(1)(b). That statute provides that "anyone who engages in sexual conduct with a minor under the age of 13 commits statutory rape regardless of whether force was used."[2] The Supreme Court held:

> **As applied to children under the age of 13 who engage in *consensual* sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.** (Emphasis added.)

*Id.*

**{¶9}** K.A. argues the same analysis set forth in *D.B.* should apply to R.C. 2907.05(A)(4) because both he and the victim were under the age of 13. We disagree. R.C. 2907.05(A)(4) provides:

> **No person shall have sexual contact with another, not the spouse of the**
>
> **offender, cause another, not the spouse of the offender, to have sexual**

---

[2]R.C. 2907.01(A) defines "sexual conduct" as "vaginal intercourse between a male and female, anal intercourse, fellatio, and cunnilingus between two persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another."

**contact with the offender, or cause two or more other persons to have sexual contact when \* \* \* the other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person**.

{¶10} R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, *for the purpose of* sexually arousing or gratifying either person." (Emphasis added.) In *State v. Dunlap,* 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, the Supreme Court addressed the mens rea element of gross sexual imposition involving victims under 13 years of age. The court held that "the applicable mens rea of sexual contact, as defined in R.C. 2907.01(B), is purpose." *Id*., at ¶ 26.

{¶11} Thus, although both the statutory rape statute and gross sexual imposition statute involve children under the age of 13, they require a different mens rea. Statutory rape is a strict-liability offense because it does not require a mens rea. Statutory rape only requires engaging in a proscribed act. Gross sexual imposition pursuant to R.C. 2907.05(A)(4), however, requires the offender to engage in certain contact with the "purpose" to cause sexual arousal or gratification. The mens rea of "purpose" to cause sexual arousal or gratification provides a way to differentiate the victim from the offender.

{¶12} There is also no arbitrary and discriminatory enforcement because only K.A. had the purpose of sexually arousing or gratifying either person. Therefore, R.C.

2907.05(A)(4) is not impermissibly vague nor a violation of equal protection. *See In the Matter of: T.A.*, 2d Dist. Nos. 2011-CA-28 and 2011-CA-35, 2012-Ohio-3174. Accordingly, K.A.'s first and second assigned errors are overruled.

## Ineffective Assistance of Counsel

{¶13} In his third assigned error, K.A. argues his counsel was ineffective for failing to allege that the court's finding K.A. delinquent pursuant to R.C. 2907.05(A)(4) violated his rights to equal protection and due process.

{¶14} To establish a claim for ineffective assistance of counsel, K.A. must show that his counsel's performance was deficient and that deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768 (1990). Under *Strickland*, our scrutiny of an attorney's work must be highly deferential, and we must indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 688.

{¶15} We have already determined that there is no merit to K.A.'s contention that R.C. 2907.05(A)(4) violates his rights to equal protection and due process. Therefore, his attorney's failure to object on these grounds was not prejudicial. Accordingly, K.A.'s third assigned error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Juvenile Court Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR