[Cite as *In re D.S.*, 2016-Ohio-2810.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


| | | |
|---|---|---|
| In re: | : | |
| [D.S.], | : | No. 15AP-487 |
| | | (C.P.C. No. 13JU-16033) |
| (State of Ohio, | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on May 3, 2016

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellee D.S. **Argued:** *David L. Strait.*

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellant. **Argued:** *Seth L. Gilbert.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the April 13, 2015 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, finding R.C. 2907.05(A)(4) unconstitutional as applied to defendant-appellee, D.S., and dismissing the case under Juv.R. 9. For the reasons that follow, we reverse the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 25, 2013, a juvenile delinquency complaint was filed alleging that D.S., a twelve-year-old, had committed three counts of gross sexual imposition ("GSI"), third-degree felonies under R.C. 2907.05(A)(4). Specifically, the complaint alleged that on or about October 16, 2013, D.S. "touch[ed] and rub[bed] ["D.M.," a nine-

year-old] about his penis on numerous occasions," had anal intercourse with D.M., and performed fellatio on D.M.[1]  (Nov. 25, 2013 Complaint, 1.)  D.S. denied all counts of the complaint.

{¶ 3}  On June 18, 2014, appellee filed a motion to dismiss[2] asserting that "R.C. 2907.05(A)(4), violates the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions because it is vague and encourages arbitrary and discriminatory enforcement" under the authority of *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, and the charge "violates Juvenile Rule 9 by failing to avoid formal court action."  (June 18, 2014 Motion to Dismiss, 1.)  Appellant filed a memorandum contra distinguishing *In re D.B.* from the charge at hand and contending the interest of the children and public would not be served by dismissing the case under Juv.R. 9.

{¶ 4}  On November 5, 2014, a hearing on the motion to dismiss was brought before a magistrate with appearances made by both lawyers.  During the hearing, appellee's lawyer mentioned the possibility that, related to the Juv.R. 9 decision, "an A-N-D (sic) could be filed.  I have had A-N-D (sic) that involve two children and a child who was sexually inappropriate, or sexually acting out * * *.  So there are other vehicles for the Court.  There is the A-N-D (sic) vehicle."  (Tr. 9.)  In ultimately denying the motion, the magistrate found that the ruling in *In re D.B.* did not apply to charges under the GSI statute and that dismissal was not warranted on the few facts at hand, but noted that after more facts are learned it "may be such that it is appropriate to dismiss it then."  (Tr. 12.)

{¶ 5}  Appellee filed objections to the magistrate's decision on November 18, 2014, and appellant filed a memorandum contra in response.  On April 13, 2015, the trial court sustained the objections to the magistrate's decision and dismissed the case.[3]  In doing so, the trial court stated that, although it "is not willing to make the GSI statute unconstitutional in all cases involving children under the age of thirteen," it found the statute unconstitutional as applied in this case because "[t]hese children are quite close in age, it is arbitrary to decide who should be charged and who should not, given there is no threat of force or violence."  (Apr. 13, 2015 Decision and Entry, 4.)  The court further

---

[1] D.S. was born in July 2001, and D.M. was born in December 2003.
[2] On the same day, appellee additionally filed a motion to suppress statements made by D.S. to police.
[3] The decision references a hearing on the objections, but a transcript of that hearing is not present in the record on appeal.

noted that if two of the charges were charged as rape under R.C. 2907.02(A)(1)(b), "the Court would have dismissed the charges based on *In re D.B.* and provided alternative means for treatment and/or rehabilitation of both children." (Apr. 13, 2015 Decision and Entry, 4.)

{¶ 6} The court additionally dismissed the case under Juv.R. 9, reasoning:

> [T]here are alternative methods available to provide for the treatment needs of both children and to protect the community as a whole without the use of formal Court action. If the parents are not able to provide the treatment necessary, a dependency action may be filed on behalf of the child needing the services. The Court does not find it is in the best interest of either child, given the facts of this case, to continue with the prosecution of this matter.

(Apr. 13, 2015 Decision and Entry, 4.)

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellant filed a timely appeal, assigning two assignments of error for our review:

> [1.] The Juvenile Court Erred in Finding R.C. 2907.05(A)(4) Unconstitutional as Applied to this Case.
>
> [2.] The Juvenile Court Abused Its Discretion in Dismissing the Complaint Under Juv.R. 9.

## III. DISCUSSION

### A. First Assignment of Error

{¶ 8} In his first assignment of error, appellant contends the trial court erred in determining that D.S. satisfied his burden of showing that R.C. 2907.05(A)(4) was unconstitutionally applied in this case. We agree.

{¶ 9} In reviewing objections to a magistrate's decision, "the trial court must conduct an independent analysis of the underlying issues, undertaking the equivalent of a de novo determination and independently assessing the facts and conclusions contained in the magistrate's decision." *Shihab & Assoc. Co. v. Ohio Dept. of Transp.*, 168 Ohio App.3d 405, 2006-Ohio-4456, ¶ 13 (10th Dist.). The trial court then may, under the Rules of Juvenile Procedure, "hear a previously-referred matter, take additional evidence, or return a matter to a magistrate," and may "adopt or reject a magistrate's decision in whole

or in part, with or without modification." Juv.R. 40(D)(4)(b). Appellate courts "generally review a trial court's adoption, denial or modification of a magistrate's decision for an abuse of discretion." *Brunetto v. Curtis*, 10th Dist. No. 10AP-799, 2011-Ohio-1610, ¶ 10. However, where the appeal from the trial court's action on a magistrate's decision presents only a question of law, the standard of review is de novo. *Id.* Thus, the constitutionality of a statute, a question of law, is reviewed de novo on appeal. *State v. N.D.C.*, 10th Dist. No. 06AP-790, 2007-Ohio-5088, ¶ 23; *In re D.R.*, 7th Dist. No. 12 MA 16, 2012-Ohio-5341, ¶ 16.

{¶ 10} "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 147 (1955). " 'A statute may be challenged as unconstitutional on the basis that it is invalid on its face or as applied to a particular set of facts.' " *In re D.B.* at ¶ 12, quoting *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, ¶ 17. "In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.' " *Id.*, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists*, 506 U.S. 1011 (1992). If a party challenges a statute on the ground that it is unconstitutional as applied to a particular set of facts, "the burden is upon the party making the attack to present clear and convincing evidence of a presently existing state of facts which makes the Act unconstitutional and void when applied thereto." *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 231 (1988), citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus.

{¶ 11} As stated by the Supreme Court of Ohio in *Cross v. Ledford*, 161 Ohio St. 469 (1954), "[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477.

{¶ 12} In R.C. 2907.05, the legislature criminalized "gross sexual imposition." The section at issue, R.C. 2907.05(A)(4), states in pertinent part:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender * * * when any of the following applies: * * * The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person.

" 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Acting "purposefully" is a culpable mental state as described in R.C. 2901.22(A) ("A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature.").

{¶ 13} Appellee argued in his objections to the magistrate's decision that R.C. 2907.05(A)(4) is analogous to the statutory rape section, R.C. 2907.02(A)(1)(b), which the Supreme Court in *In re D.B.* determined to be unconstitutionally applied where the case involved two children under the age of thirteen. Appellant argues that the statutory rape statute is distinguishable, as R.C. 2907.02(A)(1)(b) prohibits "sexual *conduct*," a term that, as opposed to the definition for "sexual *contact*," excludes a mental state. (Emphasis sic.) (Appellant's Brief, 7.) Appellant cites three appellate district opinions—*In re T.A.*, 2d Dist. No. 2011-CA-28, 2012-Ohio-3174; *In re K.A.*, 8th Dist. No. 98924, 2013-Ohio-2997; and *In re K.C.*, 1st Dist. No. C-140307, 2015-Ohio-1613—which concluded the same. Appellant further argues that the trial court was incorrect to distinguish these appellate opinions from this case on such a limited record and on the trial court's perceived insignificance of the age disparity between the present victims, which the court stated made the parties "difficult" but not impossible to distinguish. (Appellant's Brief, 15-16, citing Apr. 13, 2015 Decision and Entry, 3.)

{¶ 14} *In re D.B.* involved a twelve-year-old who was adjudicated a delinquent child in connection with five counts of "statutory rape" under R.C. 2907.02(A)(1)(b)

arising from sexual conduct occurring with an eleven-year-old. *Id.* at ¶ 13. The appellate court affirmed the trial court's decision. The Supreme Court reversed and, instead, held R.C. 2907.02(A)(1)(b) "unconstitutional as applied to a child under the age of 13 who engages in sexual conduct with another child under 13." *Id.* at syllabus. In so holding, the court found that statute to be unconstitutionally vague "because the statute authorizes and encourages arbitrary and discriminatory enforcement" and emphasized that "when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down." *Id.* at ¶ 24. The court likewise found that the application of R.C. 2907.02(A)(1)(b) violated the equal protection clause because both children allegedly engaged in sexual conduct with a person under the age of thirteen, but only D.B. was charged. *Id.* at ¶ 31-32.

{¶ 15} As indicated by appellant, three appellate districts have considered the application of the holding in *In re D.B.* to cases involving GSI charged under R.C. 2907.05(A)(4). The first, *In re T.A.*, involved a ten-year-old adjudicated a delinquent under the charge of R.C. 2907.05(A)(4) by having sexual contact with a two-year-old. The second, *In re K.A.*, involved a twelve-year-old adjudicated a delinquent under the charge of R.C. 2907.05(A)(4) by having sexual contact with a five-year-old. The third, *In re K.C.*, involved a twelve-year-old adjudicated a delinquent under the charge of R.C. 2907.05(A)(4) by having sexual contact with a six-year-old. At least two of these cases, *In re T.A.* and *In re K.C.*, involved acts that would meet the definition of "sexual conduct" applicable to the rape statute. All three appellate districts concluded that R.C. 2907.05(A)(4) was not unconstitutionally applied because, as opposed to the strict liability "sexual conduct" element of statutory rape, the mens rea of "purpose" embedded in the "sexual contact" element of GSI provides a way to distinguish between a victim and an offender. *In re T.A.* at ¶ 25-27; *In re K.A.* at ¶ 10-12; and *In re K.C.* at ¶ 12-14.

{¶ 16} We agree with the reasoning of these appellate districts. The Supreme Court in *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, held that R.C. 2907.05(A)(4) establishes "a mens rea of purpose in regard to the sexual contact between the defendant and the victim." *Id.* at ¶ 1. As such, R.C. 2907.05(A)(4) provides a means of differentiating between the victim and the offender, an attribute which distinguishes it from the statutory rape provision at issue in *In re D.B.*

{¶ 17} Furthermore, while we agree with the trial court that differentiating between the parties may be "more difficult" here where the ages of the parties are somewhat close, identifying the victim and offender is nonetheless possible through the "purpose" element of R.C. 2907.05(A)(4)—no matter the age span between the minors involved.[4]  (Apr. 13, 2015 Decision and Entry, 3.)  *See State v. Lindsey*, 10th Dist. No. 14AP-751, 2015-Ohio-2169, ¶ 35, quoting *State v. Garner*, 74 Ohio St.3d 49, 60 (1995), and *State v. Robinson*, 161 Ohio St. 213 (1954), paragraph five of the syllabus (" '[T]he law has long recognized that intent, lying as it does within the privacy of a person's own thoughts, is not susceptible of objective proof' * * * [but] 'may be deduced from all the surrounding circumstances.' ").

{¶ 18} Lastly, the fact that at least two of the charges in this case could have been charged as rape under R.C. 2907.02(A)(1)(b), subjecting those charges to dismissal by way of *In re D.B.*, is not dispositive to the constitutionality of R.C. 2907.05(A)(4) as applied here.  *See, e.g., In re T.A.* at ¶ 4, 27, and *In re K.C.* at ¶ 3, 14.  The same acts may properly fit the definition of both sexual conduct and sexual contact, and it is within the discretion of the prosecutor to pursue the lesser charge.  *See* R.C. 2907.01(A) and (B); *LeFever v. State*, 10th Dist. No. 12AP-1034, 2013-Ohio-4606; *State v. Wilson*, 58 Ohio St.2d 52, 55 (1979).

{¶ 19} Therefore, considering all the above, the trial court erred in finding R.C. 2907.05(A)(4) unconstitutional as applied in this case, and, on this record,  appellant did not fulfill his burden to present clear and convincing evidence of facts which would otherwise make the act unconstitutional when applied to him.

{¶ 20} Accordingly, appellant's first assignment of error is sustained.

## B.  Second Assignment of Error

{¶ 21} Appellant's second assignment of error asserts that the trial court abused its discretion in dismissing the complaint under Juv.R. 9.  Specifically, appellant argues that the trial court erred by dismissing the complaint under Juv.R. 9 "despite a near non-existent factual record" and despite being readily distinguishable from *In re M.D.*, 38

---

[4] We note that this is not a case where appellee produced evidence that both children acted with the purpose to arouse or gratify.

Ohio St.3d 149 (1988), the leading case exploring dismissal of a juvenile complaint inappropriately brought under Juv.R. 9. (Appellant's Brief, 30.)

{¶ 22} "Whether delinquency proceedings should go forward remains a matter largely with the judge's discretion." *In re N.K.*, 8th Dist. No. 82332, 2003-Ohio-7059, ¶ 23. *See In re Corcoran*, 68 Ohio App.3d 213, 216 (11th Dist.1990). " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 23} Juv.R. 9 governs "[i]ntake" of juveniles, in other words, "the discretion initially exercised by the prosecutor in bringing the instant charges." *In re M.D.* at 151. It states:

> **(A) Court action to be avoided.** In all appropriate cases formal action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.
>
> **(B) Screening; Referral.** Information that a child is within the court's jurisdiction may be informally screened prior to the filing of a complaint to determine whether the filing of a complaint is in the best interest of the child and the public.

In deciding whether the court properly exercised its discretion in dismissing the case under Juv.R. 9, we must liberally interpret and construct the rule so as to "provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community; and * * * to protect the public interest by treating children as persons in need of supervision, care and rehabilitation." Juv.R. 1(B)(3) and (4). *See also In re M.D.* at 153 ("The best interests of the child and the welfare and protection of the community are paramount considerations in every juvenile proceeding in this state.").

{¶ 24} The Supreme Court in *In re M.D.* describes an "inappropriate" filing of a delinquency case involving children under the age of thirteen. *Id.* at 154. The appellant in that case, M.D., was adjudicated a delinquent child under a complicity to rape statute for, while "playing doctor," instructing a five-year-old to place his penis in another five-year-old child's mouth to take her temperature. *Id.* at 150. In reversing that adjudication, the

Supreme Court determined the facts at hand "lead[] to the inescapable conclusion that the conduct of [M.D.] and the other children involved herein did not constitute a sexual assault or complicity thereto * * * but rather could more accurately be characterized as childhood curiosity and exploration." *Id.* at 151. The court further found that prosecution of a felony sex offense violated Juv.R. 9 where prosecution violated a local county intake policy, the facts of the case did not suggest a sexual motivation, the record showed the best interest of the child, and the public was not served by filing the complaint. Specifically, both counsel for one of the five-year-olds and a report of a mental health counselor assigned to M.D. showed that prosecution of the complaint was detrimental to both the five-year-old's family and to M.D.

{¶ 25} Here, unlike in *In re M.D.*, no record evidence exists that the conduct at issue was innocent child's play showing no crime occurred or that proceeding to the adjudication stage would not be in the best interest of the child and the community. Instead, to dismiss the case under Juv.R. 9, the trial court's decision relied on the availability of alternative treatment methods in the abstract, the possibility of filing a dependency action if D.S.'s parents are "not able to provide the treatment necessary," and "the facts of this case." (Apr. 13, 2015 Decision and Entry, 4.) Compared to *In re M.D.*, the trial court's reasoning and the present record is devoid of sufficient information from which to determine whether the case is "inappropriate" to file in juvenile court. *In re M.D.* at 154; Juv.R. 9(A). Therefore, we find that on this record, the trial court abused its discretion and committed error.

{¶ 26} Accordingly, appellant's second assignment of error is sustained.

## IV. CONCLUSION

{¶ 27} Having sustained appellant's two assignments of error, we hereby reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and remand this matter to the trial court for further proceedings consistent with this decision.

*Judgment reversed;*
*cause remanded.*

KLATT, J., dissents.
LUPER SCHUSTER, J., concurs.

KLATT, J., dissenting.

{¶ 28} Because I do not believe the trial court abused its discretion when it dismissed the complaint pursuant to Juv.R. 9, I respectfully dissent.

{¶ 29} As noted in the majority decision, in deciding whether the court properly exercised its discretion in dismissing the case under Juv.R. 9, we must liberally interpret and construct the rule so as to "provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community; and * * * to protect the public interest by treating children as persons in need of supervision, care and rehabilitation." Juv.R. 1(B)(3) and (4). *See also In re M.D.*, 38 Ohio St.3d 149, 153 (1988) ("The best interests of the child and the welfare and protection of the community are paramount considerations in every juvenile proceeding in this state.").

{¶ 30} Although the evidentiary record in this case is relatively thin, I believe there is evidence in the record to support the trial court's conclusion that the conduct at issue was not criminal in nature and that proceeding to the adjudication stage would not be in the best interest of the child and the community. There was evidence before the trial court indicating: (1) the ages of the children involved (age 12 and age 9 boys), (2) the children were three years apart in age, and (3) the complaint contained no allegation of force or threat of force. Given this evidence, I do not believe the trial court abused its discretion when it dismissed the complaint pursuant to Juv.R. 9.

{¶ 31} I would affirm the trial court's judgment based upon Juv.R. 9, and I would find appellee's constitutional challenge to R.C. 2907.05(A)(4) moot. Because the majority reaches a different conclusion, I respectfully dissent.

LUPER SCHUSTER, J., concurring.

{¶ 32} For the reasons stated in the lead decision, I concur that the second assignment of error should be sustained. I also concur with the lead decision's conclusion that the first assignment of error should be sustained; however, I would do so on more narrow grounds. Accordingly, I concur separately.

{¶ 33} I agree with the lead decision that the inclusion of a mens rea distinguishes the statutory elements of gross sexual imposition from the statutory elements of rape. However, I do not agree with the lead decision to the extent it suggests, consistent with

the reasoning of other appellate districts, that the presence of the mens rea element *always* provides a means of differentiating between the victim and the offender. For example, if evidence in a case demonstrated that two children under the age of 13 had sexual contact with each other and both children acted with the requisite mens rea, it would be impossible to distinguish between the victim and the offender. In such a case, if one child were prosecuted but not the other, the reasoning of *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, would apply, and an as-applied constitutional challenge to R.C. 2907.05(A)(4) could be sustained.

{¶ 34} Here, while only appellee was charged, he did not meet his burden to prove that the statute is unconstitutional as applied. Specifically, appellee did not provide evidence that both children had the requisite mens rea to make the enforcement arbitrary and discriminatory. If appellee's argument is that neither child had the requisite mens rea, then the defense is to an element of the crime and not an as-applied constitutional challenge. For these reasons, I concur separately.

_____