[Cite as *Young v. Young*, 2017-Ohio-238.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

JOYANA E. YOUNG, nka Drown

    Appellee

    v.

JEFFREY D. YOUNG

    Appellant

C.A. No.     16AP0016

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09-DR-0542

DECISION AND JOURNAL ENTRY

Dated: January 23, 2017

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jeffrey D. Young ("Husband"), appeals the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm.

I.

{¶2} Husband and Plaintiff-Appellee, Joyana E. Young ("Wife"), were married in 1994 and three children were born during the course of their marriage. The parties also purchased a house located in Wooster, Ohio during their marriage. In 2009, Wife filed for divorce from Husband. The parties litigated several issues at the final divorce hearing, including child support, spousal support, and payment of marital credit cards.

{¶3} On November 22, 2010, the trial court issued a Judgment Decree of Divorce ("divorce decree"), thereby terminating the marriage. As relevant to this appeal, the divorce decree ordered Husband to continue making monthly payments on the marital residence's first

and second mortgages, utilities, homeowner's insurance, and real estate taxes until the property was sold. The decree also ordered Husband to continue making minimum payments on the two marital credit cards until the marital residence was sold. The parties agreed that Husband would not pay Wife any spousal support while he was making mortgage payments on the marital residence. However, the decree did order Husband to start paying $700.00 per month in spousal support beginning on the first day of the first month after the marital residence was sold and to continue making spousal support payments for a period of 36 months thereafter, unless sooner terminated by death, Wife's cohabitation with an unrelated adult male, or remarriage. Lastly, the decree ordered that "[a]ny net proceeds or deficiency [from the sale of the marital residence] shall be equally divided between the parties." On February 2, 2011, the trial court modified the divorce decree, ordering the remaining balances of the marital credit card accounts to be fully paid from the proceeds from the sale of the marital residence.

{¶4} Following the trial court's issuance of the divorce decree, Husband experienced difficulty selling the marital residence. In October of 2011, Husband applied for and received permission from Huntington Bank to move forward with a "short sale," meaning a sale of the house for a price that does not cover the amount owed on the mortgage. However, the bank required a payment of $8,500.00 as a condition of its approval for the short sale. Wife agreed to the terms of the short sale, but only if Husband agreed to bear full responsibility for the $8,500.00 and agreed that this sum was not a deficiency, but rather a settlement in which Husband agreed to hold Wife harmless. Husband paid the $8,500.00 in full to the bank. The marital residence was eventually sold on February 28, 2012. Upon closing, the property's first and second mortgages were satisfied. Husband also paid off the marital credit card bills with his personal funds, as there were no proceeds realized from the sale of the marital residence as was

originally contemplated by the trial court's February 2, 2011 modified divorce decree. Husband subsequently sought reimbursement from Wife for half the balance of the credit cards and the $8,500.00, but to no avail.

{¶5} On May 13, 2015, following Husband's unsuccessful attempts to recover the money that Wife allegedly owed him, Husband filed a post-decree motion asking the trial court for an order enforcing the divorce decree. Specifically, Husband sought repayment from Wife for half the balance from the marital credit cards that he had paid off, as well as $4,250.00 for "one-half of the deficiency realized from the short sale of the marital residence[.]" Husband also sought interest on the unpaid balance of this money that Wife allegedly owes him. Lastly, Husband sought payment for "the full amount of his legal fees incurred in the bringing of this motion as well as assessing the court costs solely to [Wife]."

{¶6} On June 5, 2015, in response to Husband's motion, Wife filed a motion asking the trial court to order Husband to show cause as to why he should not be found in contempt, fined, or otherwise sanctioned for violating the divorce decree. Specifically, Wife argued that Husband violated the terms of the divorce decree by failing to make timely mortgage payments on the marital residence prior to its sale and by failing to pay spousal support following the sale of the marital residence. Wife also sought reimbursement from Husband "for all damages, including but not limited to her attorney fees, expenses, loss of wages and court costs incurred in the bringing of this motion for contempt as well as defending against [Husband's] current pending motion."

{¶7} A hearing on the parties' respective motions was held before a magistrate. On September 29, 2015, the magistrate issued a decision concluding that the $8,500.00 that Husband paid to Huntington Bank was not a deficiency, but rather "was additional cash the bank required

from one or both of the sellers in order to approve the short sale." As such, the magistrate determined that Wife was not obligated under the terms of the divorce decree to pay $4,250.00 to Husband. However, the magistrate did conclude that Wife was obligated under the terms of the divorce decree to pay Husband half of the balance of the marital credit cards. The magistrate also denied Wife's motion for contempt since Wife never contacted either the trial court or the Wayne County Child Support Enforcement Agency (CSEA) to begin Husband's spousal support payments. However, the magistrate determined that in the interest of equity, Husband owed Wife back spousal support of $700.00 per month for 13 months from March 1, 2012, through March 2013.[1] Lastly, the magistrate denied the parties' respective motions for interest, costs, and attorney's fees.

{¶8} The trial court adopted the magistrate's decision on September 30, 2015. In its order, the trial court ordered that Wife's obligation for half of the balance of the marital credit cards be offset with Husband's spousal support arrearage. Both parties filed objections to the magistrate's decision. On January 20, 2016, the trial court summarily overruled both parties' objections. The trial court subsequently stayed its order pending appeal.

{¶9} Husband filed this timely appeal and raises four assignments of error for this Court's review. Wife did not file a notice of appeal in this matter.

---

[1] March 1, 2012, marked the first day of the first month following the sale of the marital residence. This was when Husband was required to make his first spousal support payment pursuant to the terms of the divorce decree. March of 2013 was the month in which Wife remarried, thus terminating Husband's spousal support obligation under the terms of the divorce decree.

II.

**Assignment of Error I**

**The trial court erred as a matter of law and against the manifest weight of the evidence by denying [Husband's] request for reimbursement by [Wife] of one-half of the deficiency resulting from the short sale of the marital residence.**

{¶10} In his first assignment of error, Husband argues that the trial court erred by not ordering Wife to reimburse him for half of the $8,500.00 that he paid to Huntington Bank in order to proceed with the short sale of the marital residence. Specifically, Husband contends that this sum constitutes a deficiency and, as such, is an obligation that Wife is required to share in equally under the terms of the divorce decree. We disagree.

{¶11} Generally, "[t]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049–M, 2009–Ohio–3139, ¶ 17. "However, where the appeal from the trial court's action on a magistrate's decision presents * * * a question of law, the standard of review is de novo." *In re D.S.*, 10th Dist. Franklin No. 15AP-487, 2016-Ohio-2810, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18. As the underlying matter in this case involves the interpretation of a divorce decree, the standard of review is de novo. *Stocker v. Stocker*, 9th Dist. Wayne No. 12CA0021, 2012-Ohio-5821, ¶ 21.

{¶12} Here, the trial court's divorce decree ordered that "[a]ny net proceeds or *deficiency* [from the sale of the marital residence] shall be equally divided between the parties." (Emphasis added.) Although the divorce decree does not define "deficiency" as the term is used in real property law, a deficiency is generally understood to mean "the difference between the mortgage obligation and the 'fair value'" of the subject property as of the date of sale. *See*

*Sostaric v. Marshall*, 234 W.Va. 449, 453, 766 S.E.2d 396, 400, fn. 11 (2014) (collecting cases). Indeed, *Black's Law Dictionary* defines "deficiency" as "[t]he amount still owed when the property secured by a mortgage is sold at a * * * sale for less than the outstanding debt." *Black's Law Dictionary* (10th Ed.2014). Thus, a deficiency constitutes a sum of money that a property owner owes to a lienholder even *after* the sale of an encumbered piece of property.

**{¶13}** Applying these aforementioned definitions to the facts of the present case, we determine that Husband's $8,500.00 payment to Huntington Bank does not meet the commonly understood definition of a "deficiency." Here, the record indicates that Husband paid the $8,500.00 to the bank in order to effectuate the short sale of the marital residence. Thus, this payment was not made to satisfy the balance of the marital residence's mortgages following the short sale, since the marital residence's mortgages would be fully satisfied upon sale and closing pursuant to the terms of the short sale. Accordingly, because the $8,500.00 that Husband paid to Huntington Bank to effectuate the short sale of the marital residence did not constitute a deficiency, we conclude that the trial court did not err as a matter of law by denying Husband's motion seeking reimbursement from Wife for half of the $8,500.00 payment.

**{¶14}** Husband's first assignment of error is overruled.

### Assignment of Error II

**It was an abuse of discretion for the trial court to apply what [Wife] owed in credit card debt reimbursement to [Husband's] spousal support obligation, without consideration of the tax ramifications associated with those obligations.**

**{¶15}** In his second assignment of error, Husband argues that the trial court abused its discretion by offsetting the money that Wife owed to Husband for her share of the marital credit card debt from Husband's spousal support obligation without first considering the tax consequences associated with those respective obligations. We disagree.

{¶16} In support of his argument, Husband cites to this Court's decision in *Budd v. Budd*, 9th Dist. Summit No. 26132, 2013-Ohio-2170. In *Budd*, we held that that the trial court impermissibly commingled the award of spousal support with the division of marital property in violation of R.C. 3105.171(C)(3). *Id*. at ¶ 11. In so holding, we sustained the appellant's first assignment of error and remanded the matter for the trial court to divide the marital property according to the appropriate statutory provisions and case law. *Id*. at ¶ 13. We further instructed the trial court to consider the issue of spousal support only after it had determined the property division. *Id*.

{¶17} We determine that Husband's reliance upon *Budd* is misplaced. *Budd* involved a direct appeal from the trial court's issuance of a divorce decree, specifically with regard to the issue of property division. The present case, however, concerns an appeal from the trial court's ruling on post-decree motions, thus involving a procedural posture not akin to *Budd*.

{¶18} Although Husband is correct that a trial court must consider the actual tax consequences associated with a property distribution pursuant to R.C. 3105.171(F)(6), such consideration is only required prior to the division of marital property. Here, the division of marital property occurred in 2010, as is set forth in the divorce decree. The trial court's ruling on the parties' post-decree motions, however, merely enforces the obligations that the parties were required to pay pursuant to the terms of the divorce decree. Accordingly, we conclude that the trial court was not obligated to reconsider the tax consequences prior to enforcing the terms of the divorce decree. Moreover, having already determined that Husband's reliance upon *Budd* is misplaced, we cannot conclude that the trial court abused its discretion by electing to offset the amount that Wife owed to Husband for her share of the marital credit card debt from Husband's spousal support obligation.

**{¶19}** Husband's second assignment of error is overruled.

### Assignment of Error III

**The trial court erred as a matter of law by retroactively imposing a spousal support obligation on [Husband] after [Wife's] remarriage took place.**

**{¶20}** In his third assignment of error, Husband argues that the trial court erred by ordering him to pay back spousal support for the months of March 2012 through March 2013. We disagree.

**{¶21}** In support of his argument, Husband contends that it was improper for the trial court to order back spousal support since at the time the marital residence was sold on February 28, 2012, Wife was cohabiting with her fiancé, Doug Drown. Whether a particular relationship or living arrangement constitutes cohabitation is a question of fact best determined by the trial court on a case-by-case basis. *Guggenbiller v. Guggenbiller*, 9th Dist. Lorain No. 10CA009871, 2011–Ohio–3622, ¶ 8. This Court will not overturn a trial court's findings regarding cohabitation so long as the court's decision is supported by some competent, credible evidence. *Austin v. Austin*, 170 Ohio App.3d 132, 2007–Ohio–676, ¶ 6 (9th Dist.). In determining whether competent and credible evidence exists, "'[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony.'" *Bey v. Bey*, 3d Dist. Mercer No. 10–08–12, 2009–Ohio–300, ¶ 15, quoting *Barkley v. Barkley*, 119 Ohio App.3d 155, 159 (4th Dist.1997).

**{¶22}** Here, there was conflicting testimony presented at the September 22, 2015 hearing regarding whether Wife was cohabiting with Mr. Drown. Husband testified that Wife was living with Mr. Drown at the time the marital residence was sold, whereas Wife testified that she did not cohabit with Mr. Drown until after she and Mr. Drown were married in March of

2013. While Husband may dispute Wife's testimony on this point, it is the trial court that is in the best position to view Wife's demeanor and assess her credibility. *See id.* Therefore, after a thorough review of the record, we conclude that competent, credible evidence exists demonstrating that Wife was not cohabiting with Mr. Drown prior to their marriage in 2013.

**{¶23}** Lastly, Husband argues that the trial court erred by ordering him to pay spousal support retroactively for the months between the sale of the marital residence and Wife's subsequent remarriage. In support of this argument, Husband asserts that "[n]ow that Wife is remarried, the imposition of a spousal support obligation payable by [him] to [Wife] is prohibited by statute. [W]ife's spousal support award terminated upon her cohabitation with her new husband and subsequent marriage to him [in 2013]."

**{¶24}** We reject Husband's contention and framing of this issue. The trial court's order does not *impose* a *new* award of spousal support, but rather *enforces* a *preexisting* spousal support obligation that Husband was required to pay pursuant to the 2010 divorce decree, but never did. Although Husband contends that the trial court's enforcement of his outstanding spousal support obligation is contrary to law, he has failed to cite to any legal authority in support of his assertion. *See* App.R. 16(A)(7). Accordingly, we conclude that the trial court did not err by ordering Husband to pay back spousal support for the months ranging between the sale of the marital residence and Wife's remarriage.

**{¶25}** Husband's third assignment of error is overruled.

**Assignment of Error IV**

**It was an abuse of discretion for the trial court to deny [Husband's] request for reimbursement of the interest he incurred as a result of [Wife's] failure to follow the court orders of the divorce decree and to deny reimbursement of his attorney fees incurred in the brining of his motion to enforce the divorce decree obligations.**

{¶26} In his fourth assignment of error, Husband argues that the trial court abused its discretion by denying his motion for interest on the money he sought to recover from Wife, as well as his motion for legal costs and attorney's fees. We disagree.

{¶27} At the outset, we note that although Husband filed timely objections to the magistrate's decision, Husband did not object to the magistrate's decision denying his motion for legal costs and interest. Instead, he objected to the magistrate's decision denying his motion for attorney's fees. Civ.R. 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See also Harrel v. Donovan*, 9th Dist. Lorain No. 15CA010765, 2016–Ohio–979, ¶ 12. Thus, as Husband failed to object to the magistrate's decision on the bases of costs and interest, he has forfeited all but plain error. *See, e.g.*, *Denkewalter v. Denkewalter*, 9th Dist. Medina No. 13CA0082–M, 2015–Ohio–3171, ¶ 18. Further, because Husband has not developed a plain error argument on appeal, we overrule his argument on that basis. *See id.*

{¶28} With regard to Husband's argument concerning the trial court's denial of his motion for attorney's fees, R.C. 3105.73(B) provides, in relevant part, that:

> [i]n any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

"'[Section] 3105.73 gives the court broad discretion in determining attorney fees. Its award will not be disturbed on appeal absent a showing of a clear abuse of discretion by the court.'" *King v. King*, 9th Dist. Medina Nos. 11CA0006–M, 11CA0023–M, 11CA0069–M, 2012–Ohio–5219, ¶

37, quoting *Miller v. Miller*, 9th Dist. Wayne No. 07CA0061, 2008–Ohio–4297, ¶ 71. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶29} Husband moved for attorney's fees on the basis that he was required to initiate legal proceedings following Wife's failure to respond to his numerous requests for repayment of her share of the marital credit card debt and the $8,500.00 lump sum payment to the bank in order to proceed with the short sale. In denying Husband's motion for attorney's fees, the magistrate explicitly determined that Husband did not have "clean hands" at the time that he filed his post-decree motion. Specifically, the magistrate found it significant that Husband failed to make any spousal support payments in contravention of the terms of the divorce decree. The trial court subsequently adopted the magistrate's decision.

{¶30} A review of the record indicates that Husband never made any spousal support payments to Wife during the months he was required to do so, despite the fact that he was aware of his spousal support obligation. The record further indicates that despite knowing he was obliged to pay spousal support to Wife each month, Husband never made an effort to initiate making those spousal support payments, either by reaching out to Wife or informing the trial court or CSEA that he needed to begin making his spousal support payments. Under these circumstances, we cannot say that the trial court erred by finding that Husband initiated legal proceedings with unclean hands. Accordingly, we conclude that the trial court did not abuse its discretion by denying Husband's motion for attorney's fees.

{¶31} Husband's fourth assignment of error is overruled.

III.

**{¶32}** Having overruled all of Husband's assignments of error, the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

RENEE J. JACKWOOD, Attorney at Law, for Appellant.

ROSANNE K. SHRINER, Attorney at Law, for Appellee.