Robinson, J.
 

 Were it not for the fact that it is claimed that the affidavits of jurors who did not join in the verdict do not or ought not to come within the rule which forbids the impeachment of the verdict of a jury by members thereof, we would be content to decide this case upon precedent, without discussion.
 

 An examination of the authorities, which > are legion, discloses that prior to the adoption of our federal Constitution, and long prior to the organization of our state government, it was contrary to public policy at common law to impeach the verdict of a jury by the evidence of its members. The jury system at the time of the adoption of our
 
 *406
 
 federal 'Constitution was so well established that the framers of the Constitution did not deem it necessary to define it, but recognized it as an institution, and made reference to it by name only, declaring that the right of trial by jury shall be preserved, meaning, as has been since often declared by the federal courts and the courts of the various states, the right to trial by jury as it then existed at common law.
 

 We, therefore, inherited the jury system with all the rules at common law which determined the character of actions in which the right to trial by jury existed, the character of persons eligible to act as jurors, the number of persons necessary to constitute a jury, the function of a jury, the rules governing the conduct of a jury, what constituted misconduct of jury, and how such misconduct might be proven. While we have been unable to ascertain at what period courts first declared it to be the public policy that the deliberations and conduct of the jury while in the jury room should not be the subject of judicial investigation upon the evidence of the jurors alone, we do find that in 1785, in passing upon a motion to set aside a verdict upon an affidavit of two jurors who swore that the jury being divided in their opinion tossed up, and that the plaintiff’s friends won, Lord Mansfield, Chief Justice, declared, in
 
 Vaise
 
 v.
 
 Delaval,
 
 1 T. R., 11 (K. B.):
 

 “The court cannot receive such an affidavit from any of the jurymen themselves * * * but in every such case the court must derive their knowledge from some other source: such as from some person having seen the transaction through the
 
 *407
 
 window, or by some such other means” — citing eases to which we have not access.
 

 The principle that it is against public policy to permit jurors to impeach their own verdict has been generally with an occasional sporadic departure, followed in all the jurisdictions of which we have knowledge, except in those jurisdictions where the common-law rule has been modified by statute.
 

 While common-law rights and common-law principles have to a very large extent been either modified, or enacted in the form of statutes, where unmodified or unabrogated by statute they have the same force and effect as a statute, and, while there perhaps is no restraining hand which may prevent a court of last resort from abrogating or modifying a common-law principle, yet no power has been vested in the courts so to do, such power being vested in the legislative branch alone. The rule being based upon public policy rather than upon the theory of estoppel, the fact that the jurors testifying by affidavit in the instant case did not join in the verdict does not take their testimony out of the operation of the rule. Indeed, to so hold would enable courts to inquire of the jurors themselves by what process they arrived at a verdict in civil cases, where the three-fourths rule applies, and deny the same inquiry in criminal cases where all must join in a verdict. Certainly if public policy denies to courts the right to inquire of the jurors whether they have violated their oaths in criminal cases, where liberty and life are at stake, that same policy would deny
 
 *408
 
 the right in civil cases, where monetary interests alone are involved.
 

 While this cause presents a situation which strains the rule almost to the breaking' point, and demonstrates that every hard and fast rule, whatever its origin, will not further the ends of justice in all cases, yet, so long as we are to continue to be governed by law, rather than by men, a rule must be adhered to which is designed to accomplish justice in the greatest number of eases* and, if modified or abrogated, it must be done by that branch of the government specially empowered to legislate, rather than by that branch empowered only to propound law and administer justice ac cording to existing law.
 

 For these reasons we approve and follow the numerous decisions of this court holding that the verdict of a jury may not be impeached by the evidence of the jurors themselves.
 

 The other assignments of error involve propositions which were also urged in the courts below, upon which the law is well settled, and upon which this court has ■ heretofore spoken, and will not be further considered here. We find no reversible error.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias and Day, JJ., concur.
 

 Marshall, C. J., Wanamaicer and Allen, JJ., dissent.