No. 753

BOEPPLE v. LAKE SHORE RY. CO.

Ohio Appeals, 6th Dist., Huron Co.

No. 199. Decided June 15, 1925

1235. VERDICT—Of jury, not to be impeached by evidence of any of its members.

YOUNG, J.

Mary Boepple brought an action in the Huron CommonPleas against the Lake Shore Electric Railway Co. to recover damages for alleged personal injuries sustained by her while a passenger on a car of the company.

It was claimed by her that she boarded the car at Norwalk and while walking down the aisle toward a seat, the car started with an

## STATE COURT OF APPEALS—Continued

unusually sudden and violent jerk, so that she was thrown against the seat she was about to occupy, thereby sustaining the injuries complained of.

The Company pleaded a lack of knowledge of purchasing of the ticket by Boepple and denied her averments. It was claimed by the company that the car was equipped with a mechanism which prevented a sudden start or jerking of the car. A jury returned a verdict in favor of the company, and error was prosecuted by Boepple. She claimed that the verdict was against the weight of the evidence, error in the charge of the court, and misconduct on part of the jury, that some jurors during the deliberation of the jury observed the method of starting the cars, that said jurors influenced by what they saw in the movement of the cars, influenced other members of the jury, to her prejudice.

Attention was called to an affidavit of a juror, in which it was stated that he had been told by a juror who in turn had been told by another juror, that she had watched the operation of the cars and before seeing them, she had been voting for Boepple, but after having watched their operation, she voted for the company. The Court of Appeals held:

1. These affidavits are based on belief and hearsay and there is nothing positive as to the cause of the change of the vote of one of the jurors, if there was such a change.

2. The verdict of a jury may not be impeached by the evidence of a member of the jury. Schwindt v. Graeff, 109 OS. 404.

3. There is nothing in the record to show that there was any connection between the company and members of the jury, or knowledge on its part, which may have had a tendency to change their minds and there is no prejudicial error in this respect.

Attorneys—Young & Young, for Boepple; C. Ray Craig, for Company; all of Norwalk.