## No. 808
### RINEHART, Admr. v. WELLSTON IRON FURNACE CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1440. Decided Jan. 6, 1927.

First Publication of this Opinion.

771. MISCONDUCT—of Juror—Affidavit or evidence of juror not competent to prove.

658. INTERROGATORIES—Should briefly and concisely state questions of fact which jury is to answer. Attempt to incorporate allegations of petition improper.

Error to Common Pleas.

Judgment affirmed.

Frank S. Monnett and Charles R. Doll, Columbus, for Rinehart.

Arnold, Wright & Harlor and Joseph McGhee, Columbus, for Furnace Co.

BY THE COURT.

This is an action for personal injury, growing out of the alleged killing of the plaintiff's decedent.

The case was tried, submitted to a jury, and a verdict in favor of the defendant was returned by nine jurors. Motion for new trial was overruled, and judgment rendered on the verdict. The case is now in this court upon review of the regularity of the trial and the sufficiency of the evidence.

The principal errors complained of are, first; misconduct of certain jurors; second, error of the trial court in refusing to give certain special charges, and third, error of the court in refusing to submit certain special interrogatories to the jury.

In respect to the alleged misconduct of a certain juror, as to offensive remarks made against one of the counsel for plaintiff in error, we find that such misconduct is not proven by any competent evidence. The affidavit or evidence of a juror or jurors is not competent to prove such misconduct. The latest decision of the Supreme Court, upon that subject, is the case of Schwindt v. Graeff, 109 OS. 404.

In respect to the charges, requested by plaintiff and refused by the trial court, we are of opinion that the same were properly refused.

Six special interrogatories were presented, by counsel for plaintiff below, to be given to the jury. These were all refused. While the statute makes it mandatory on the trial court to submit proper interrogatories, the duty to present proper interrogatories, under this statute, devolves upon counsel presenting the same. Interrogatory No. 1 was properly refused for the reason that it was indefinite and uncertain in that it attempted to incorporate therein, certain allegations of the amended petition. We think this is improper. The interrogatories should briefly and concisely state the question of fact which the jury is to answer. The second, third, fourth and sixth interrogatories were properly rejected under the following decisions of the Supreme Court: Steel Co. v. Ianakis, 93 OS. 300, and Mason Tire & Rubber Co. v. Lansinger, 108 OS. 377. The fifth interrogatory, standing alone, was properly refused.

We have carefully considered all the errors assigned by counsel and reach the conclusion that there was no prejudicial error in the record and that the judgment of the Court of Common Pleas be affirmed.

(Allread, Ferneding and Kunkle, JJ., concur.)