Turner, J.,
 

 dissenting. I am of the opinion that the judgment of the Court of Appeals should be affirmed, because the trial court committed a gross abuse of its discretion in sustaining the motion for a new trial and in relying upon depositions of jurors respecting not only their
 
 voir dire
 
 examinations but in respect also of their jury-room deliberations.
 

 No foundation by evidence
 
 aliunde
 
 was laid for the introduction of such depositions. Nothing in the depositions showed any prejudice to the plaintiff. The admission of such depositions was. arbitrary.
 

 The
 
 voir dire
 
 examination of the jurors was not reported at the trial. At the hearing by another judge, on- the motion for a new trial, some general statements of some of the questions were made and acquiesced in. However, the jurors whose depositions were taken do not agree fully with the statements of the questions by counsel, and each of the jurors says under oath in substance that he understood the question pertaining to prior accidents was whether or' not he or any relative had been involved in any accident resulting in litigation. Taking the depositions at full face value, no prejudice to the plaintiff was shown.
 

 There is no clear and convicing proof that any juror withheld any information on the
 
 voir dire
 
 examination. Nothing was disclosed by the depositions which showed any grounds for the sustaining of a challenge for 'cause or suspicion of prejudice.
 

 I agree with the statement contained in the first memorandum opinion of the Court of Appeals, to wit:
 
 *453
 
 “We have carefully examined these affidavits and depositions, and from an examination of the record, we find no outside testimony. We are of the opinion that there is nothing in these affidavits or depositions to show that any of the jurors was partial, biased, or prejudiced to the extent that would warrant a removal of any one of the jurors from the panel.”
 

 I am unable to find in this record any evidence of misconduct of the jury, but I do find a gross abuse of discretion in granting the motion for a new trial. See,
 
 inter alia, Schwindt
 
 v. Graeff, 109 Ohio St., 404, 142 N. E., 736;
 
 Lund
 
 v.
 
 Kline,
 
 133 Ohio St., 317, 13 N. E. (2d), 575; and
 
 Muskingum Watershed Conservancy Dist.
 
 v.
 
 Funk,
 
 134 Ohio St., 302, 306, 16 N. E. (2d), 454.