**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re D.S.,* Slip Opinion No. 2017-Ohio-8289.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8289

IN RE D.S.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re D.S.,* Slip Opinion No. 2017-Ohio-8289.]**

(No. 2016-0907—Submitted May 17, 2017—Decided October 25, 2017.)

*Juvenile law—Juv.R. 9(A)—Juvenile court's order under Juv.R. 9(A) dismissing delinquency complaint is reviewed for abuse of discretion—Court of appeals' judgment reversed and juvenile court's order dismissing complaint reinstated.*

APPEAL from the Court of Appeals for Franklin County, No. 15AP-487, 2016-Ohio-2810.

_____

**O'NEILL, J.**

{¶ 1} Appellant, D.S., allegedly engaged in acts of sexual contact with another boy.  Both boys were under the age of 13.  In this appeal, we consider whether the juvenile court properly dismissed the complaint pursuant to Juv.R. 9(A) before the delinquency case against D.S. progressed to a formal court proceeding.

Because we determine that the order to dismiss was appropriate, we reverse the judgment of the court of appeals and reinstate the juvenile court's order dismissing the case.

**Facts and Procedural History**

{¶ 2} Appellee, the state of Ohio, charged D.S., then a 12-year-old, with three delinquency counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4) on November 25, 2013, for events that had allegedly occurred about five weeks before. The alleged victim was almost ten years old at the time. The complaint alleged in count one that D.S. engaged in sexual contact by touching and rubbing the victim's penis on numerous occasions. In counts two and three, the complaint alleged that D.S. engaged in sexual contact by having anal intercourse with and performing fellatio on the other boy. The complaint specifically alleged that the instances of sexual contact in counts two and three were committed by engaging "in sexual conduct." The complaint did not allege the use of force or the threat of force.

{¶ 3} D.S. moved to dismiss the complaint on the authority of our decision in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528. The motion claimed that R.C. 2907.05(A)(4) was unconstitutional as applied to D.S., arguing that "[t]he court should find that the principles established in *In re D.B.* apply to sexual contact as well as sexual conduct." In support, the motion argued that in the absence of an allegation of force or the threat of force, there is no reasoned basis for deciding which of two children under the age of 13 had a purpose of sexual gratification. Finally, the motion argued that the matter should be dismissed pursuant to Juv.R. 9(A), in accordance with our decision in *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988). A magistrate held a hearing on the motion and decided that it should be denied, finding that *D.B.* did not require dismissal and that the factual record had not been sufficiently developed for dismissal to be appropriate under Juv.R. 9(A).

{¶ 4} D.S. filed objections to the magistrate's decision denying the motion to dismiss, making the same arguments to the juvenile court. The juvenile court sustained the objections and dismissed the case. Referring to the allegations in the complaint, the court stated that since "[t]hese children are quite close in age, it is arbitrary to decide who should be charged and who should not, given there is no threat of force or violence." Accordingly, the court held R.C. 2907.05(A)(4) unconstitutional as applied to D.S. The court went on to also hold that dismissal was proper under Juv.R. 9, finding that

> there are alternative methods available to provide for the treatment needs of both children and to protect the community as a whole without the use of formal Court action. If the parents are not able to provide the treatment necessary, a dependency action may be filed on behalf of the child needing the services. The Court does not find it is in the best interest of either child, given the facts of this case, to continue with the prosecution of this matter.

{¶ 5} The state appealed, arguing that dismissal—whether based upon an as-applied constitutional challenge or under Juv.R. 9(A)—was improper, because the factual record was too limited. The state claimed that the record should have been further developed, because the offense of gross sexual imposition, R.C. 2907.05(A)(4), includes a "purpose" element that provides a method for determining which of two children under age 13 has violated the statute. A majority of the court of appeals agreed with the state that R.C. 2907.05(A)(4) "provides a means of differentiating between the victim and the offender, an attribute which distinguishes it from the statutory rape provision at issue in *In re D.B*." 2016-Ohio-2810, ¶ 16. The majority also agreed with the state that "the trial court's reasoning and the present record is devoid of sufficient information" to allow a court to make

a determination under Juv.R. 9(A). *Id.* at ¶ 25. The dissenting judge below would have affirmed. Viewing the facts in the record—the relative ages of the children involved and the lack of an allegation of force or threat of force—to be a sufficient basis for dismissal of the complaint under Juv.R. 9(A), the dissenter would have held that the juvenile court had not abused its discretion. *Id.* at ¶ 30-31 (Klatt, J., dissenting).

{¶ 6} D.S. appealed. We agreed to accept jurisdiction over the appeal, 146 Ohio St.3d 1514, 2016-Ohio-7199, 60 N.E.3d 6, which presents the following propositions of law:

> 1. A juvenile court's decision to utilize non-judicial community resources in lieu of criminal prosecution is [a] matter Juv.R. 9(A) entrusts to the discretion of the juvenile court. That decision may not be overturned on appeal in the absence of an abuse of discretion.

> 2. R.C. 2907.05(A)(4) is unconstitutional as applied to a child under the age of 13, who allegedly engaged in sexual contact with another child under 13.

**Analysis**

{¶ 7} We are faced with two propositions of law, only one of which presents a constitutional query. "It is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9. We should avoid reaching a constitutional question when "other issues are apparent in the record which will dispose of the case on its merits." *Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212, 215 N.E.2d 403 (1966). The juvenile court gave two independent reasons for dismissing this case: (1) the court found that it was not "in the best interest of either

child" for the case to continue, given that Juv.R. 9(A) directs that "formal court action should be avoided" when possible, and (2) the court found R.C. 2907.05(A)(4) unconstitutional as applied in this case. Either reason for dismissal would be dispositive of this matter were we to agree with the juvenile court. For that reason, we first consider whether dismissal was proper under Juv.R. 9(A).

**{¶ 8}** Under Juv.R. 9(A), some—but not all—juvenile complaints go to a "formal" delinquency proceeding. The rule provides: "In all *appropriate cases* formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court." (Emphasis added.) As are all the Juvenile Rules, Juv.R. 9(A) is meant to be "liberally interpreted and construed" in order "to provide for the care, protection, and mental and physical development of children subject to the jurisdiction of the juvenile court, and to protect the welfare of the community," Juv.R. 1(B)(3), and "to protect the public interest by treating children as persons in need of supervision, care and rehabilitation," Juv.R. 1(B)(4). Clearly, juvenile courts are vested with considerable discretion by virtue of the language of the foregoing rules. For that reason, we will not reverse an order to dismiss a complaint under Juv.R. 9(A) absent an abuse of discretion. A court abuses its discretion by taking action that lacks reason, justification, or conscience. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983) (" 'The term "abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable' "), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶ 9}** We have considered Juv.R. 9(A) only once before, in *In re M.D.*, 38 Ohio St.3d at 153-154, 527 N.E.2d 286. M.D. was a 12-year-old girl who allegedly caused a five-year-old boy to rape a five-year-old girl. M.D. was charged with one delinquency count of complicity to rape. The other children testified in juvenile court in M.D.'s case that "they, with M.D., were 'playing doctor,' and that at the direction of M.D., [the boy] dropped his pants and placed his penis in [the girl's]

mouth, ostensibly because M.D. had instructed them to take temperature that way." *Id.* at 150. M.D. was adjudicated delinquent by the juvenile court, and the court of appeals affirmed. We reversed, holding that "to bring such charges in juvenile court, under the instant circumstances, is contrary to" Juv.R. 9(A) and to other policies underlying the juvenile-court system. *Id*. We relied on the language of Juv.R. 1(B) when we explained that "[t]he best interests of the child and the welfare and protection of the community are paramount considerations in every juvenile proceeding in this state." *Id.* at 153.

{¶ 10} Our holding in *M.D.* necessarily contemplated that in an appropriate case, a juvenile court may reasonably exercise its discretion to dismiss a juvenile complaint upon the evidence available on the face of the complaint. We recognized that " 'the trauma which the impending trial is causing and could cause the family is far more serious than the alleged acts, which * * * [the family] truly believe[s] [were] just kids playing doctor.' " (Ellipsis and brackets sic.) *Id.* at 154, quoting the motion to dismiss filed in juvenile court by counsel for the five-year-old boy. We stated that upon the filing of the complaint against M.D., "it reasonably devolved on the juvenile judge to dismiss it" pursuant to the mandates of the policies embodied in the relevant statutes and in Juv.R. 9(A). *Id*.

{¶ 11} Turning to the present case, we hold that the juvenile court did not abuse its discretion by dismissing the matter pursuant to Juv.R. 9(A). The juvenile court was aware of the relative ages of the children involved in the charged incidents, was aware that there was no allegation of force or threat of force, and was aware of the general nature of the sex acts alleged in the complaint, as developed in the record up to that point through the parties' filings and the transcript of the hearing held before the magistrate. The court considered these facts, reasoning through and balancing many of the same interests we considered in *M.D*. We cannot say that the order to dismiss under Juv.R. 9(A) was an abuse of discretion. As the state argued, a full formal court proceeding would no doubt have

6

developed a more detailed factual record upon which the juvenile court might have relied in determining the proper outcome in this case. But that is precisely the kind of proceeding that Juv.R. 9(A) empowers a juvenile court to avoid—a review of the details of a sexual interaction between children under the age of 13. A juvenile court's primary concern is not always to determine culpability for acts that would be crimes if committed by an adult. As we have recognized in the past, holding a formal proceeding to determine whether a child was motivated by innocent curiosity or by culpable sexual gratification may be as bad or worse for the children involved—and for society—as was the act itself. *See M.D.*, 38 Ohio St.3d at 154, 527 N.E.2d 286. The juvenile court must exercise its discretion in deciding the best course, and we owe substantial deference to the court's decision.

{¶ 12} We do not need to reach the constitutional question. We therefore do not consider whether R.C. 2907.05(A)(4) is unconstitutional as applied to the facts of this case pursuant to our decision in *D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528.

**Conclusion**

{¶ 13} Given our conclusion that the juvenile court did not act unreasonably in the circumstances, we cannot substitute our own judgment in place of the order of that court. Likewise, the court of appeals should not have reversed the order to dismiss. Accordingly, we reverse the judgment of the court of appeals and reinstate the order of the juvenile court.

Judgment reversed.

O'CONNOR, C.J., and O'DONNELL, J., concur.

FISCHER, J., concurs in judgment only, with an opinion.

KENNEDY, J., dissents, with an opinion joined by FRENCH and DEWINE, JJ.

_____

**FISCHER, J., concurring in judgment only.**

{¶ 14} In this case, appellant, D.S., has asked us to hold that a juvenile court's decision to dismiss the charges against him under Juv.R. 9(A) may be overturned only when the juvenile court has abused its discretion. I would resolve this case by answering two narrow questions: (1) is a ruling under Juv.R. 9(A) to dismiss charges reviewed for an abuse of discretion? The answer is yes. And (2) did the juvenile court abuse its discretion in this case? The answer is no. Thus, I agree with the lead opinion's conclusions and concur in the judgment.

{¶ 15} I do not join the lead opinion, however, because the lead opinion uses language that could be interpreted as an expansion of the material rights of juveniles when there is no basis in law to support such an expansion. D.S. has not asked us to provide such a broad holding, and it is not necessary to do so in order to decide this case.

_____

**KENNEDY, J., dissenting.**

{¶ 16} Because a majority of this court fails to adhere to our fundamental role as members of the judiciary when interpreting court rules, I dissent. When a court rule is plain and unambiguous, we apply it as written. *State ex rel. Potts v. Comm. on Continuing Legal Edn.*, 93 Ohio St.3d 452, 456, 755 N.E.2d 886 (2001). Because the language of Juv.R. 9 is plain and unambiguous and does not grant a juvenile court authority to dismiss a formally filed charge, the juvenile court abused its discretion in dismissing the delinquency complaint in this case.

{¶ 17} Moreover, charging an allegedly delinquent child under the age of 13 with gross sexual imposition pursuant to R.C. 2907.05(A)(4) when the victim is also a child under the age of 13 requires the state to prove the mens rea element that the offender was purposely gratifying either himself or the victim. It is therefore possible to differentiate the offender from the victim under the facts of this case,

8

and R.C. 2907.05(A)(4) is not unconstitutionally vague or arbitrary as applied to appellant, D.S.

{¶ 18} Therefore, I would affirm the judgment of the Tenth District Court of Appeals reversing the judgment of the juvenile court and remanding the case to that court for further proceedings.

{¶ 19} The lead opinion paraphrases our holding in *In re M.D.*, 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), but it then writes a new ending. According to the lead opinion, this court in *In re M.D.* "stated that upon the filing of the complaint against M.D., 'it reasonably devolved on the juvenile judge to dismiss it' pursuant to the mandates of the policies embodied in the relevant statutes and in Juv.R. 9(A)." Lead opinion at ¶ 10, quoting *In re M.D.* at 154.

{¶ 20} But did we really say—or even imply—in *In re M.D.* that the juvenile court could have dismissed a formally filed complaint pursuant to Juv.R. 9(A)? No.

{¶ 21} The full text of the quoted passage reads:

It was inappropriate that this case was filed in juvenile court. The case *having been filed*, it was reasonably devolved on the juvenile judge to dismiss it *pursuant to the mandates of R.C. Chapter 2151*. The failure to dismiss resulted in a denial of M.D.'s constitutional rights to due process under the law, * * * which should have been vindicated by the court of appeals.

(Emphasis added). *In re M.D.*, 38 Ohio St.3d at 154, 527 N.E.2d 286.

{¶ 22} So what really happened? M.D. was adjudicated a delinquent child after the juvenile court found, beyond a reasonable doubt, each statutory element of the crime of *complicity to rape*. *Id.* at 150, 151. In order for the juvenile court to have adjudicated M.D. delinquent for committing complicity to rape, an actual

rape would had to have occurred.  After a review of the statutory elements of rape and the evidence, we concluded that no rape had been committed.  *Id.* at 151-152.

{¶ 23} The only proscribed act of sexual conduct that "resemble[d]" what two five-year-olds did at M.D.'s instruction was fellatio, which this court defined as " 'the practice of obtaining sexual satisfaction by oral stimulation of the penis.' "  *Id.* at 152, quoting *Webster's Third New International Dictionary* 836 (1986).  Because the evidence demonstrated that "[f]ellatio did not occur," we concluded that "no rape was committed to which [M.D.] could be an accessory."  *Id.*  Therefore, we recognized that "[a]djudicating a child as 'delinquent' under circumstances where, as here, the child *has neither committed a crime nor violated a lawful order * * ** is obviously contrary to R.C. Chapter 2151."  (Emphasis added.)  *Id.*

{¶ 24} After determining that the adjudication was contrary to R.C. Chapter 2151, we went on to say that "*[e]ven assuming * * ** that the conduct here technically involved a 'rape' "  (emphasis added), 38 Ohio St.3d at 152, 527 N.E.2d 286, if the Cuyahoga County Juvenile Court ("CCJC") had followed its own intake policy based on Juv.R. 9, then the *case would never have been filed, id.* at 152-154.

{¶ 25} The CCJC's intake policy relating to statutory-rape charges involving children under the age of 13 provided, " 'Rape—Complaint shall be taken and set before a JUDGE unless subject is under age 13 years, in which case matter may be diverted.' "  (Capitalization sic.)  *Id.* at 153, quoting the intake policy.  A memorandum in the record of the case from the legal department of the CCJC further emphasized the intake policy:

"In situations where there is an allegation of sexual conduct involving no force and both the alleged offender and the victim are under 13 years of age, charges are not to be taken under the above

statute.  As an alternative, the intake mediator may consider unruly charges on one or both children."

*Id.*, quoting the memorandum.

**{¶ 26}** Thereafter, we stated that it was "inappropriate" that the case was filed, but given that the case had been filed, we stated that "it reasonably devolved on the juvenile judge to dismiss it pursuant to the mandates of R.C. Chapter 2151" because M.D. had committed no crime.  *Id.* at 154.

**{¶ 27}** Having determined that our decision in *In re M.D.* did not authorize a juvenile court to use Juv.R. 9(A) to dismiss a case after formal charges have been filed, I turn to the language of the rule to determine what Juv.R. 9 does permit a juvenile court to do.

**{¶ 28}** "To interpret court rules, this court applies general principles of statutory construction.  * * * Therefore, we must read undefined words or phrases in context and then construe them according to rules of grammar and common usage."  *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23.  In determining the intent of the rule, in addition to the language, we also review "the purpose to [be] accomplished."  *State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections*, 75 Ohio St.3d 275, 277, 662 N.E.2d 17 (1996).

**{¶ 29}** Along with these rules of construction, interpretation of the Juvenile Rules requires a liberal construction to care for and protect children under the jurisdiction of the court and to protect the community and the public interest by "treating children as persons in need of supervision, care and rehabilitation."  Juv.R. 1(B)(3) and (4).

**{¶ 30}** The full text of Juv.R. 9, which is titled "**Intake**," reads:

**(A) Court action to be avoided.**

In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.

**(B) Screening; referral.**

Information that a child is within the court's jurisdiction may be informally screened prior to the filing of a complaint to determine whether the filing of a complaint is in the best interest of the child and the public.

{¶ 31} A plain reading of Juv.R. 9(A) establishes that if an appropriate matter is brought to the court's attention, other community resources can be used in lieu of formal court action. Moreover, Juv.R. 9(B) gives the juvenile court discretion to examine cases *prior* to the filing of formal charges in order to determine whether it is in the best interest of the child and the public to permit the filing of formal charges.

{¶ 32} The Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch ("FCDRJB"), restates the provisions of Juv.R. 9 in Loc.R. 19 of the Local Rules of Procedure for the Juvenile Court ("Loc.R. 19"), available at https://drj.fccourts.org/Rules.aspx?rtype=J&rid=58&F=E (accessed Sept. 21, 2017). Loc.R. 19 thereafter advises that in conformity with Juv.R. 9, the court may facilitate, for "*certain* delinquency and unruly cases," an informal intake conference and diversion referral in lieu of formal action. (Emphasis added.) Loc.R. 19 then provides that "[g]enerally, informal conferences will be available *only for first time misdemeanor charges and status offenses*" and that "to be eligible for an informal conference a youth must be willing to admit to the operative facts to the action." (Emphasis added.)

{¶ 33} D.S. was charged with three delinquency counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4), which would have been felonies of the

third degree if committed by an adult. Unlike the CCJC in *In re M.D.*, which had an intake policy regarding allegations of rape involving children under 13 years of age, *see* 38 Ohio St.3d at 153, 527 N.E.2d 286, FCDRJB's local rules do not provide for an informal screening process for sexual offenses. Moreover, the court's informal intake conferences are generally limited to situations involving "first time misdemeanor charges and status offenses." Loc.R. 19.

**{¶ 34}** Despite the lead opinion's conclusion that it is permissible for a juvenile court to use Juv.R. 9 to dismiss a formal complaint, the word "dismiss" does not appear in Juv.R. 9. While Juv.R. 1(B) requires us to liberally construe the Juvenile Rules, that mandate does not give us the authority to rewrite Juv.R. 9, *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, or to simply ignore the wording of the rule or to add words to it, *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997).

**{¶ 35}** Additional support—beyond the mere wording of the rule—that Juv.R. 9 does not permit a juvenile court to dismiss a formally filed complaint is its context within the Juvenile Rules. There are only two Juvenile Rules that expressly authorize a juvenile court to dismiss a complaint. Juv.R. 34(A), which does not apply here, permits the dismissal of an abuse, neglect, or dependency complaint without prejudice if the dispositional hearing is not held within 90 days after the filing of the complaint.

**{¶ 36}** Juv.R. 29(F), which could apply to the present case, permits a juvenile court to dismiss a complaint if the allegations of the complaint are not proved, Juv.R. 29(F)(1); if the allegations are admitted or proved, the juvenile court may nevertheless dismiss the complaint "if dismissal is in the best interest of the child and the community," Juv.R. 29(F)(2)(d).

**{¶ 37}** A majority of this court holds that the juvenile court did not abuse its discretion when it dismissed the complaint pursuant to Juv.R. 9. "The term

'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980), citing *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940), *Conner v. Conner*, 170 Ohio St. 85, 162 N.E.2d 852 (1959), and *Chester Twp. v. Geauga Cty. Budget Comm.*, 48 Ohio St.2d 372, 358 N.E.2d 610 (1976). Because the juvenile court had no authority pursuant to Juv.R. 9 to dismiss the formal complaint, the court abused its discretion.

{¶ 38} Having concluded that the juvenile court abused its discretion in dismissing the complaint under Juv.R. 9, I turn to the question whether the court's dismissal on the basis that R.C. 2907.05(A)(4) is unconstitutionally vague and arbitrary pursuant to our decision in *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, was proper.

{¶ 39} Because the constitutionality of a statute is a legal question, a court's review is de novo. *Crutchfield Corp. v. Testa*, ___ Ohio St.3d ___, 2016-Ohio-7760, ___ N.E.3d ___, ¶ 16. An analysis of the constitutionality of a statute begins with a presumption of constitutionality. *Burnett v. Motorists Mut. Ins. Co.*, 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 28. "Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. "A party may challenge a statute as being unconstitutional on its face or as applied to a particular set of facts." *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph four of the syllabus. Because D.S. asserts an "as applied" challenge, he "bears the burden of presenting clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional

14

and void when applied to those facts." *Id.* at ¶ 38, citing *Belden* at paragraph six of the syllabus. More specifically, D.S. must prove by clear and convincing evidence that it is unconstitutional to charge a child under the age of 13 with gross sexual imposition under R.C. 2907.05(A)(4) when the victim is also under the age of 13.

**{¶ 40}** In *In re D.B.*, the state charged a 12-year-old child with raping an 11-year-old child under R.C. 2907.02(A)(1)(b), which prohibits engaging in "sexual conduct" with a minor under the age of 13, "whether or not the offender knows the age of" the victim. 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 2, 8. " 'Sexual conduct' means vaginal intercourse between a male and female [and] anal intercourse, fellatio, and cunnilingus between persons regardless of sex * * *." R.C. 2907.01(A). Notably, there is no mens rea element for the state to prove under R.C. 2907.02(A)(1)(b), because it "criminalizes what is commonly known as 'statutory rape' " and "holds offenders strictly liable for engaging in sexual conduct with children under the age of 13." *In re D.B.* at ¶ 13.

**{¶ 41}** In *In re D.B.*, the juvenile court had adjudicated D.B. delinquent for committing statutory rape, and the court of appeals had affirmed the judgment of the juvenile court. We accepted D.B.'s appeal challenging the constitutionality of applying R.C. 2907.02(A)(1)(b) to a child under the age of 13 when the victim is also under the age of 13 as violating D.B.'s rights to due process and equal protection under the Ohio and United States Constitutions. *In re D.B.* at ¶ 11. We agreed with D.B. that the statute was unconstitutional as applied to him.

**{¶ 42}** First, we held that charging D.B. with statutory rape violated his right to due process:

As applied to children under the age of the 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory

enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But *when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.*

(Emphasis added.) *In re D.B.*, 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 24.

{¶ 43} This court noted that its holding will not apply when rape charges are brought under other subsections of R.C. 2907.02(A) and additional elements are present, such as when the other person's ability to resist or consent was impaired or when the offender used force. *Id.* at ¶ 28.

{¶ 44} This court also held that application of R.C. 2907.02(A)(1)(b) violated D.B.'s right to equal protection:

*R.C. 2907.02(A)(1)(b)* offers no prosecutorial exception to charging an offense when every party involved in the sexual conduct is under the age of 13; conceivably, the principle of equal protection suggests that both parties could be prosecuted as identically situated. *Because D.B. and [the other child] were both under the age of 13 at the time the events in this case occurred, they were both members of the class protected by the statute, and both could have been charged under the offense.*

(Emphasis added.) *Id.* at ¶ 30.

{¶ 45} Accordingly, this court held that charging a juvenile offender with statutory rape under R.C. 2907.02(A)(1)(b) when both the offender and the victim

16

are under the age of 13 is unconstitutional because there is no way to distinguish between the offender and the victim. *Id.* at ¶ 32.

{¶ 46} Because D.B. and the alleged victim were both under the age of 13, we reversed the juvenile court's judgment that adjudicated D.B. delinquent. 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 1.

{¶ 47} D.S. argues that gross sexual imposition under R.C. 2907.05(A)(4) is analogous to the statutory-rape offense under R.C. 2907.02(A)(1)(b) at issue in *In re D.B.* and that *In re D.B.*'s holding of unconstitutionality therefore extends to a case like this one in which the state charges a juvenile with gross sexual imposition under R.C. 2907.05(A)(4) and both the offender and the victim are under the age of 13. I would hold that statutory rape is distinguishable from gross sexual imposition under R.C. 2907.05(A)(4) and therefore that *In re D.B.* does not apply here.

{¶ 48} Unlike the statutory-rape charge at issue in *In re D.B.*, which is a strict-liability offense, gross sexual imposition under R.C. 2907.05(A)(4) requires the state to prove "sexual contact," which includes the mens rea element of purposely "arousing or gratifying either person," R.C. 2907.01(B). *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 23. This distinction is meaningful in examining D.S.'s argument because courts have recognized that the "purpose" mens rea element supplied by R.C. 2907.01(B) for the offense of gross sexual imposition under R.C. 2907.05(A)(4) provides a way to distinguish which child is the offender when both the offender and the victim are children under the age of 13. *See In re T.A.*, 2d Dist. Champaign Nos. 2011-CA-28 and 2011-CA-35, 2012-Ohio-3174, ¶ 26; *In re K.A.*, 8th Dist. Cuyahoga Nos. 98924 and 99144, 2013-Ohio-2997, ¶ 11; *In re K.C.*, lst Dist. Hamilton No. C-140307, 2015-Ohio-1613, ¶ 13.

{¶ 49} Therefore, I would hold, based on the facts of this case, that when the state charges an allegedly delinquent child under the age of 13 with gross sexual

imposition under R.C. 2907.05(A)(4) and the victim is also under the age of 13, the charge is not unconstitutionally vague or arbitrary as applied because the mens rea element of the offense, requiring proof that the offender was purposely attempting to gratify the offender or the victim, makes it possible to distinguish the offender from the victim. While the mens rea element of R.C. 2907.05(A)(4) makes it *possible* to distinguish the offender from the victim when both are under the age of 13, evidence of mens rea (that the offender purposely sought to gratify the offender or the victim) is necessary to actually identify the offender, and the failure of the state to prove the mens rea element beyond a reasonable doubt would mean that the prosecution of that charge would fail.

**{¶ 50}** Our guiding principle that the Juvenile Rules should be liberally construed to care for and protect children under the jurisdiction of the juvenile court does not embrace an exercise of judicial activism. Juv.R. 9 affords juvenile courts wide latitude in establishing intake policies and procedures to screen out appropriate cases prior to the filing of a formal complaint when the best interest of the child and the public would be served. By adding the word "dismiss" to Juv.R. 9 and ignoring its context within the Juvenile Rules, a majority of this court has exceeded our proper judicial role and unwisely rewritten Juv.R. 9, thereby empowering juvenile courts—seemingly at will—to dismiss formal complaints without the fully developed record that Juv.R. 29(F)(2)(d) requires. In the coming years, the unintended consequences of today's decision will become apparent.

**{¶ 51}** For all the foregoing reasons, I would affirm the judgment of the court of appeals, which reversed the judgment of the juvenile court and remanded the matter for further proceedings. Therefore, I dissent.

FRENCH and DEWINE, JJ., concur in the foregoing opinion.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellant.

Riya S. Shah, urging reversal for amicus curiae, Juvenile Law Center.

_____